# Commonwealth ex rel., Appellant, *v.* Kessler.

*Bridges—County bridges—Maintenance of bridge—Vacation of road on one side of stream.*

A county cannot be required to erect a bridge over a stream unless the stream crosses a public road or highway.

Where under a misapprehension of facts a bridge is erected by a county across a stream within the limits of a city at a point where a public street extends only to the bank of the stream without any extension thereof on the other side, but thereafter an extension of the street on the other side is opened, the county will be liable after the opening of the extension for the maintenance of the bridge; but if the older or original portion of the street is vacated and closed, so that there is no continuous street across the stream, the liability of the county for the maintenance of the bridge ceases.

*Mandamus—Right of relator.*

Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant.

Argued May 18, 1908.   Appeal, No. 75, Jan. T., 1908, by plaintiff, from order of C. P. York Co., Jan. T., 1908, No. 66, refusing mandamus in case of Commonwealth ex rel. James G. Glessener, District Attorney of York County, v. Robert G. Kessler, Emanuel Hartman and George W. Holtzinger, Commissioners of York County.   Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Petition for mandamus.   Before BITTENGER, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal of mandamus.

*John L. Rouse,* city solicitor, for appellant, cited : Berks Co. v. Reading City Pass. Ry. Co., 167 Pa. 102 ; Howe v. Commissioners, 47 Pa. 361 ; In re Spring St., 112 Pa. 258 ; Larue v. Oil City St. Pass. Ry. Co., 170 Pa. 249 ; Lawrence County v. Ry. Co., 8 Pa. Superior Ct. 313.

*H. C. Brenneman,* county solicitor, for appellee.

OPINION BY MR. JUSTICE BROWN, June 2, 1908 :
The situation in this case is somewhat anomalous.   In 1892 proceedings were instituted in the court of quarter sessions of York county for the erection of a bridge by the county of York over the Codorus creek at a point where it was alleged in the petition asking for the appointment of viewers, " College avenue, a public highway in the city of York, crosses the same." Viewers were appointed, who reported in favor of the bridge and that it would require more expense than it was reasonable the city of York should bear.   This report was subsequently approved by a grand jury and the court, and the bridge was erected at the expense of the county.   It is now out of repair, and this appeal is from the refusal of the court below to require the county commissioners to keep it open and in repair for the traveling public.   There was a demurrer filed to the alternative mandamus issued at the instance of the mayor of the city of York, and the case was heard on the petition, return, demurrer and facts agreed upon.

The proceedings for the erection of the bridge were instituted

and carried on under an impression that the Codorus creek crossed College avenue, a public highway of the city of York. As a matter of fact, now admitted, neither this avenue nor any public street had ever been opened by ordinance or order of court, west of the creek to its western bank at the point where the bridge was erected, and the creek did not, therefore, cross a public road or highway.  But for the misrepresentation appearing in the petition for the appointment of the viewers, no doubt innocently made, the bridge would not have been erected by the county, for if the real situation had been known to the court, the viewers could not have been appointed.  A stream must cross a public road or highway when a bridge is to be erected by a county.  The conclusion of the learned judge below was that this bridge " was a creature of misrepresentation from its beginning."

In 1902 College avenue west of the creek was opened and adopted as a public highway up to the western terminus of the bridge, and, if this were all that was in the case, we should not be inclined to sustain the judgment below, for the situation would be the crossing of the creek by a public highway, and what the viewers, grand jury and court found to be necessary in 1892 would certainly be more so in 1908 with the growth and development of the city.

On the east bank of the creek a very different situation now exists.  East College avenue, which at the time the bridge was erected extended to the creek, no longer reaches it.  Before the county refused to continue its maintenance and repair of the bridge that avenue was vacated as a public highway from a point east of the right of way of the Northern Central Railway Company to the east bank of the creek.  What the exact distance is does not appear.  True, a span extends from the western terminus of East College avenue over the tracks of the railway company and connects with the bridge across the creek, and it may be regarded as part of the bridge, but even if there was at any time a duty upon the county to maintain this span, that duty ceased when the street under it was vacated.  There is no longer a street of the city over the tracks of the railway company reaching to the east bank of the creek to which East College avenue formerly had extended.  This is just the situation as gathered from the pleadings and the admis-

sions, and if a duty ever did rest upon the county to maintain and repair the bridge and span and keep them open as part of a public highway, that duty was suspended with the suspension of the highway.   On the west bank of the creek West College avenue abruptly now ends.   A gap extends thence all the way across the creek up to and over the railroad tracks.   In this gap as it now exists the city of York has no rights, and within it there is no duty to be discharged by the county. Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant: Commonwealth v. Fitler, 136 Pa. 129.

Judgment affirmed.