## Commonwealth ex rel., Appellant, *v.* Rogers.

*Road law—Appointment of reviewers—Supervisors—Mandamus.*

A mandanus to compel township supervisors to appoint a reviewer will not be granted where it appears that the supervisors had in fact appointed a reviewer who had all the necessary qualifications, except that he had acted as a reviewer in a previous proceeding for laying out the same proposed road; and such refusal is all the more proper where there is evidence tending to show that the petitioners for the mandamus had selected a person as a reviewer who was open to the same objection, and that they had waived the objection to the appointee of the supervisors. The question raised by such a petition may be considered in proceedings under the Act of July 2, 1901, P. L. 607.

Argued Nov. 17, 1914.   Appeal, No. 11, Oct. T., 1914, by plaintiff, from order of C. P. Bradford Co., Sept. Term, 1912, No. 131, refusing petition for mandamus in case of Commonwealth ex rel. Charles M. Culver, District Attorney, v. O. S. Rogers et al., Supervisors of Litchfield Township.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Petition for mandamus.

LITTLE, P. J., specially presiding filed the following opinion:

At the instance of Charles M. Culver, Esq., district attorney of Bradford county, writ of mandamus in the alternative form as provided by the act of March 19,

1893, was issued in this court commanding the respondents to perform certain functions upon them incumbent as supervisors of the township of Litchfield. The respondents filed an answer and supplemental answer, in which it is alleged that they already had performed their duty in accordance with law, and denied relators right to peremptory writ. In the discussion of this case it is unnecessary to refer in detail to the several acts of assembly applicable to the county of Bradford regarding the duties of supervisors in relation to the laying out and the vacation of roads. From the pleadings it appears that certain citizens of Litchfield Township petitioned the supervisors to lay out a certain road in said township; upon the filing of an adverse report with the township clerk, another petition was presented declaring dissatisfaction on the part of the petitioners with the decision of the supervisors, and praying for the appointment of road commissioners outside the township to view the premises, as provided for by the act of March 13, 1846. Upon the presentation of this petition the supervisors met with the petitioners, and each named a viewer as the act provides. The viewer selected by the petitioners resigned, but the viewer appointed by the supervisors, to wit, one Clyde Schneider did not refuse to act, and is ready to perform the duties pertaining to his appointment, at least nothing appears to show the contrary. During the pendency of the proceedings, and some time after Schneider's appointment the petitioners filed with the supervisors a protest against his selection as one of the viewers for the reason that on a previous occasion he had acted as a viewer on the same proposed new road, and was therefore disqualified to act in this proceeding. The appointment of Schneider and the refusal of the supervisors to dismiss him after the filing of the protest, is the sole ground upon which this proceeding rests. The respondents, it must be remembered, have performed the duty enjoined upon them by law, but in such a manner as not

to meet with the approval of the relator, or those in whose behalf he is acting. The impropriety of the appointment of a person who had therefore viewed the premises and expressed an opinion may be conceded, but in this proceeding we are concerned only with the remedy.

The writ of mandamus has always been regarded as an extraordinary remedy, and is not intended to supersede existing legal remedies, but to supply the want of them. To justify the issuing the writ two essential prerequisites must be shown to exist. First. It must appear that the relator has a clear legal right to the performance of a particular act or duty at the hands of the respondents; and second, that the law offers no other remedy adequate to secure the enforcement of such right. This is the thought expressed in High, Extraordinary Legal Remedies, section ten, and is particularly applicable to this case as in my opinion the rights of the relator are abundantly protected by statute. The act imposed upon the road commissioners the performance of certain duties (I refer to the act of 1846), which, as has been seen, were undertaken in this case; they did not refuse to obey the mandate of the law, had they done so a different proposition would confront us. By the special acts of assembly the appointment of road viewers was transferred to the road commissioners in Bradford county. Under the general law in force throughout the commonwealth this function is vested in the courts, therefore it follows that their acts in making such appointments are judicial to a large extent, and call for the exercise of sound judgment and discretion. If this writ were to issue, it would in effect suggest to the road commissioners that they had improvidently or negligently exercised the discretionary power in them vested, and require them to act upon the advice of others rather than their own judgment, which should not be encroached upon even by the court. If mandamus lies the recurrence of the writ might go on

indefinitely until the road commissioners eventually might appoint viewers from all the road commissioners in Bradford county, who would be satisfactory to interested parties; so that the results of the rights invoked in the case at bar if put in action would condemn it. If what has been said in reference to the character of the duties to be performed by road commissioners is correct, then there is an abundance of authority holding that mandamus will not lie.

In Dechert v. Com. ex rel., 113 Pa. at p. 229, it was held that "Mandamus will lie to compel the performance by public officers of duties purely ministerial in their character; but as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will lie." Other cases to the same effect may be cited, but it is not necessary. The complaint here is that the road commissioners did not fail to perform their duty, but that it was not properly performed.

It is my belief that the act complained of may be reviewed by the court upon a writ of certiorari as is provided in the act of July 2, 1901. This act provides that a writ of certiorari may be sued out, directed to the road commissioners and the town clerk who is the custodian of the records, requiring a certified copy of all the proceedings to be filed in court. In this case the records will disclose the fact that the petitioners filed a paper objecting to the appointment of Schneider, stating the reasons upon which such objection is predicated. Therefore the question may be fairly raised and disposed of by the court. The court must examine the record as to the regularity of the proceedings had, and if contrary to law may be set aside.

For the reasons herein assigned, the writ of peremptory mandamus is refused, and the proceedings are dismissed, at the cost of relator.

*Error assigned* was the order of the court.

*J. Roy Lilley*, with him *Wm. P. Wilson, Mial E. Lilley* and *Wm. G. Schrier*, for appellant.—By common law, without statutory aid, jurors and persons selected to determine controverted questions must be free from bias and interest, and if otherwise, are held incompetent and disqualified: Lloyd v. Nourse, 2 Rawle, 48; May Town Road, 4 Yeates, 478; Road in Green Twp. Road, 129 Pa. 527; Ohio & Ross Twp. Road, 166 Pa. 132.

The petitioners in this case as they were bound to do to avoid the imputation of waiver, acted promptly, and protested against this conduct and failure of good faith performance of duty on the part of the supervisors of Litchfield township, and are persistently pursuing the same by means of this mandamus proceeding: Eakman v. Sheaffer, 48 Pa. 176; Mill Creek Road, 9 Pa. C. C. Rep. 592.

*J. C. Ingham*, with him *A. C. Fanning* and *Archer Lee Laws*, for appellees.—Mandamus will not lie to undo what has been done: Douglass v. Com. ex rel., 108 Pa. 559; Com. ex rel. v. Mitchell, 82 Pa. 343; Findley v. Pittsburg, 82 Pa. 351.

The appellants have waived any objections they might otherwise have made as to Mr. Schneider. Even if the circumstance that he had been named as a reviewing supervisor in a former independent proceeding was a matter that might have been objected to at the time, no such objection was made. On the other hand, the selection of Mr. Schneider was not only acquiesced in but encouraged by the appellants at the same time naming and selecting Mr. Horton, who had also been a reviewing supervisor in the same former proceeding. Road Commissioners v. Morgan, 47 Pa. 276; Road in Chartiers, 34 Pa. 413, the Act of July 2, 1901, P. L. 607, having provided a special writ in the nature of a certiorari for reviewing the road proceedings under the local statutes, that remedy is exclusive.

OPINION BY RICE, P. J., February 24, 1915:

The petition for mandamus alleged that, at a meeting duly appointed under the special road laws for the selection of reviewers, respondents (who were township supervisors of Litchfield township) "neglected and refused to make choice of a competent and qualified reviewer as provided by existing laws, but the petitioners at said time chose Reuben Horton." This would seem to present a prima facie case for mandamus to compel the township supervisors to appoint. But it appears, by the answer, that the respondents did select and appoint Clyde Schneider. Pursuant to due notice of their appointment these two men met on November 27, 1911; but Reuben Horton presented his resignation and therefore no selection was made by them of a third reviewer. A month later the petitioners and the respondents met, and the former then chose P. W. Gillette for the place made vacant by the resignation of Reuben Horton. In short, the respondents, in whom the judicial discretion was vested, had acted by selecting a person who had the qualifications prescribed by statute, that is, he was "a commissioner of roads and highways of an adjoining township," his appointment stood unrevoked, and, so far as appears, he was ready and willing to act. This was the state of the case as presented by the petition and answer, and, so far as the propriety of invoking this extraordinary legal remedy is concerned, it was not changed by the replication. The disqualification of Mr. Schneider is there alleged to consist in this, that he had acted as a reviewer in a previous proceeding for laying out the same proposed road. But the same objection applied to the petitioners' selection of Mr. Horton, with this difference, that the latter signed the report in that proceeding, while Mr. Schneider did not. Moreover, it is not alleged that at the meeting when these two men were selected the petitioners objected to the appointment of Mr. Schneider. It is urged with great force that, in view of the selection the petitioners

made, the selection made by the respondents was not an improper one, and that, even if the objection now urged might have prevailed if made at the proper time, it was waived. The Act of July 2, 1901, P. L. 607, has provided a mode in which road proceedings under these special statutes may be reviewed and the questions above suggested may be brought forward for decision. Therefore, we will express no decided opinion on them. It is enough, for present purposes, to say, that the appointment was not void in the sense of being the same as no appointment, and that under all the facts presented the petitioners' right to have the appointment revoked is far from clear. Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant: Com. ex rel. v. Fitler, 136 Pa. 129; Com. ex rel. v. Kessler, 222 Pa. 32.

Another reason for not disturbing the judgment is set forth in the appellees' motion to quash this appeal, namely, that, after the mandamus was refused and before the appeal was taken, the two reviewing supervisors already chosen met and selected a third and the three acted and carried the proceedings to an end. It is argued that a reversal of the judgment would have no practical effect and therefore the appeal might be dismissed as not relating to an actual existing controversy. See Com. ex rel. v. Cairns, 48 Pa. Superior Ct. 265, and cases there cited. There is merit in this contention, but on reflection we conclude not to dismiss the appeal. For the reasons suggested in the discussion of the main question, taken in connection with those set forth in the opinion of the learned judge specially presiding below, we hold that the judgment was right and should be affirmed.

The judgment is affirmed at the costs of the appellants.