# Lazic *v.* National Croatian Society, Appellant.

*Beneficial associations—Expulsion of member—Trial by tribunal of the association—Resort to the civil courts.*

Where a member of a beneficial association is tried by one of the courts of the association which had no jurisdiction over him, and is sentenced to pay a fine and to make a retraction, and he then appeals to the highest tribunal and complains that he had been unlawfully fined and expelled, and the highest tribunal with power to modify or affirm, modifies the sentence by relieving the member

from making a retraction, but not remitting the fine, such member may appeal to the civil courts for redress by mandamus.

Argued May 3, 1916. Appeal, No. 134, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1910, No. 831, on verdict for plaintiff in case of Trivan Lazic v. The National Croatian Society of the United States of America, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for mandamus.

At the trial the jury by direction of the court returned a verdict for plaintiff.

On a motion for a new trial and for judgment n. o. v. MACFARLANE, J., filed the following opinion:

The plaintiff was a member of subordinate lodge No. 2 of the National Croatian Society. He was notified by the High Trial Court of the National Society of charges brought by the society, appeared, objected to the jurisdiction of that court and withdrew. The trial proceeded on the charges so made and he was sentenced to pay a fine of ten dollars and retract certain statements made by him, which were the ground of his conviction, or be expelled. On his refusal to pay and retract he was expelled.

By paragraph eleven of the constitution, the High Trial Court is the Supreme Court of Appeals of the society; it decides on charges made by the board of directors against any member of the board and on charges made by a subassembly against any officer of the subassembly or any member thereof.

The plaintiff's case does not come within any of these provisions. The intention to exclude a case of a charge made, as this was, against a member of a subassembly (unless made by the subassembly itself) is shown by the fact that Section 101 provides that such a charge is to

be tried before a specially appointed trial court of members of that lodge.

The High Trial Court had no jurisdiction. The plaintiff appealed to the convention, the highest tribunal of the society, complaining that "they ignore the by-laws" and that he had been unlawfully fined and expelled, also making other charges. The convention had power to annul, modify or affirm, and it modified by relieving the plaintiff from making a retraction, but not remitting the fine, whereupon he sued out this writ of mandamus.

He must appeal to the convention or be precluded on the ground that he has not endeavored to obtain redress within the society. He continued to object to the legality of the action of the trial court and even under the analogy of appeal in courts of law he has not submitted to the jurisdiction. It would be a strange doctrine to say: "You must take your case to the highest tribunal and exhaust your remedies in the society or you cannot come into a court of law, but if you do appeal to the supreme tribunal, you will be dismissed from the court."

February 11, 1916, new trial refused. Motion for judgment n. o. v. overruled.

*Error assigned* was in directing judgment for plaintiff and in refusing judgment n. o. v.

*John N. English*, with him *Francis A. Bogadek*, for appellant.

*J. M. Friedman*, for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:
On the first trial of this case, the plaintiff recovered a verdict after a fair submission of the controverted facts to the jury. A new trial was granted, when the court directed a verdict in favor of the plaintiff, reserving the question of law as to whether there was a variance in the

allegation and proof, and upon consideration of this question, the court refused another trial, and overruled the motion for judgment non obstante veredicto.

The reasons given by the trial judge fully and fairly answer the argument of the appellant, and the judgment is affirmed.