Homan, Appellant, *v.* Mackey et al.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Paul Reilly,* for appellant.—The Acts of Assembly create in employee a right of property which is an example of one of the highest types of contract.

Appellant, when the act was passed in 1915, came under its provisions.

His contract of employment entitled him to certain compensation and part of that compensation was his future pension after sixty years of age.

This he could not legally be deprived of without due process of law: Com. v. Walton, 182 Pa. 373.

A man's own declaration of his age is prima facie proof until it is overcome or contradicted.

Appellees cannot raise any question concerning non-payment of contributions by appellant after 1921: National, etc., Ins. Co. v. Benefit Society, 181 Pa. 443; Lord Co. v. Dyeing & Finishing Works, 252 Pa. 420.

Appellant's position is strongly stated in many aspects in Com. ex rel. v. Phila., 176 Pa. 588.

*James Francis Ryan,* with him *G. Coe Farrier,* Assistant City Solicitor, and *Augustus Trask Ashton,* City Solicitor, for appellees.—Appellant having failed for more than six years to furnish satisfactory proof of his age to the pension board is not entitled to the back pension sought to be recovered in this case.

The regulation requiring satisfactory proof of age is reasonable: Com. v. Phila., 132 Pa. 288; Girard Life Ins. Co. v. Phila., 88 Pa. 393.

Mandamus is not the proper remedy under the allegations of appellant's petition in the present case: Davies v. Pittsburgh, 252 Pa. 251; Underwood v. Gendall, 227 Pa. 214, 217; Com. v. Kessler, 122 Pa. 32, 35; Com. v. James, 214 Pa. 319, 323; Com. v. Fitler, 136 Pa. 129, 141; Com. v. Phila., 132 Pa. 288; Com. v. Pittsburgh, 209 Pa. 333.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

The plaintiff, Theodore Homan, was an employee of the City of Philadelphia for approximately twenty-one years, ending in 1916, when he became and still is an officer of the state Superior Court. By Act of May 20, 1915, P. L. 566, as amended by Act of July 5, 1917, P. L. 689, employees of cities of the first class, having served for twenty years and being sixty years of age, are entitled on withdrawal from such service to receive from the city a life pension under conditions stated therein. The acts created a pension board consisting of the mayor and other designated city officials, to which plaintiff, on November 19, 1920, presented his application for pension, averring, inter alia, that he became sixty years of age on the ninth of that month. His application was made on the usual blank form furnished by the board, which stated just below his signature that: "In addition to the above, applicant must furnish to the board of pensions satisfactory proof of the correctness of the date of birth as stated herein." While the application stated that he was born November 9, 1860, he

furnished the board no proof whatever of the fact until February 18, 1927, when he filed the affidavit of himself and of his brother giving the date of his birth as above stated. No question is raised as to the sufficiency of this proof, but, in place of granting the pension, the board directed the claimant to file a new application. Thereupon the plaintiff (claimant) petitioned the trial court for a writ of mandamus to compel the pension board to grant his claim effective as of the date of filing his application (November 19, 1920). To the alternative writ a return was made and later joinder of issue filed. The case came to jury trial, which resulted in a disagreement. Thereupon each party moved for judgment on the whole record. In Davies v. City of Pittsburgh, 252 Pa. 251, we hold that the Act of April 22, 1905, P. L. 286, providing for the entry of judgment on the whole record non obstante veredicto applies to mandamus proceedings. For like reason the Act of April 20, 1911, P. L. 70, providing for the entry of judgment on the whole record where the jury have disagreed, also applies. Upon due consideration, the court in banc entered judgment for the respondent and the complainant has appealed.

Keeping in mind that what the petition asks is not that the board proceed to decide the case, but that it be ordered to award petitioner the pension from the date of his application, this order could not be made. The pension board is a quasi-judicial body and its acts, so far as they require judgment and discretion, cannot be controlled by the courts. See Com. v. Phila., 211 Pa. 85. Plaintiff's right to a pension is clear, but whether it should begin at the time of his application or only when the proof of the date of his birth was submitted is a doubtful question and one at least primarily for the judgment of the board. This being so, its action thereon cannot be controlled by mandamus,—a remedy available only where there is a clear legal right: Underwood v. Gendell, 227 Pa. 214; Com. ex rel. v. James, 214 Pa.

319, 323; Com. v. Mitchell, 82 Pa. 343; James v. Commissioners of Bucks Co., 13 Pa. 72. A writ of mandamus can be invoked only "where there is a clear legal right in the relator, and a corresponding duty of the defendant, and the want of any other adequate, appropriate and specific remedy: Com. v. Pittsburgh, 34 Pa. 496; Lehigh Water Co.'s App., 102 Pa. 515": Com. v. Fitler, 136 Pa. 129, 141; see also Com. v. Kessler, 222 Pa. 32; Com. v. Rogers, 59 Pa. Superior Ct. 265, 271; Heisey v. Risser et al., 3 Pa. Superior Ct. 196. It can never be invoked in a doubtful case (Com. v. Commissioners of Allegheny Co., 16 S. & R. 317; Hester's Case, 2 W. & S. 416), but may to compel performance of ministerial acts where the right is clear: United States ex rel. Dunlap v. Black, 128 U. S. 40; Com. ex rel. v. Phila., 176 Pa. 588; Board of Trustees v. McRory, 116 S. W. 326, 132 Ky. 83. The true rule seems to be that, "The writ of mandamus may issue to compel a public officer to perform a ministerial duty, but it must clearly appear that the duty is one which from its character leaves no discretion in the officer to do or not to do. And it is a well settled rule that mandamus does not lie to review or control the action or decision of a pension board, or other board or officer having authority over pension matters, where the action or decision is one resting in the discretion of such board or officer, or where it involves the construction of the law and the application of the facts thereto": 21 R. C. L. 251-2. See also 38 C. J., pp. 675-6. While a writ of mandamus may compel action where the right is clear, it cannot be treated as an appeal or writ of error to review the discretionary acts of subordinate tribunals. See High on Extraordinary Legal Remedies (3d ed.), sections 188-191.

It is the duty of the board to conserve the pension fund and the requirement that the statement of the date of birth in an application be supplemented by other proof is reasonable and valid. The loss if any that plain-

tiff may here sustain results from his delay in meeting the requirement.

Section 2 of the Act of 1915, (P. L. 567), empowers the board to "make such reasonable rules in the premises as such board may deem necessary to effectually carry into effect the provisions of this act." There seems to be, however, nothing in the statutes or in any rule adopted thereunder requiring that proof of the date of birth must accompany the application or be furnished in any specified time. Hence, in the instant case, the application being on file and supplemented by unquestioned proof, the pension should have been awarded as a ministerial matter from the date of filing such proof, without requiring a new application, the amount to be adjusted by the board. As appellee's counsel stated at bar the readiness of the board to make such allowance, we assume no mandatory order will be required. It being a ministerial matter, however, such order, if necessary can be made. As to what if any right plaintiff may have to a pension prior to the filing of his proof, or in what manner he can assert the same, we need not enquire. We might say, however, that plaintiff's being in the employ of the Superior Court is no legal answer to his application for a pension. As the return makes no denial of the petitioner's averment that he has no remedy at law, we need not enter upon a consideration of that question, but might suggest that an action at law would not be an adequate remedy for a pension payable in monthly installments.

Plaintiff made contributions to the pension fund as provided by statute so long as the board would accept the same, so as to that he was not in default: See Insurance Co. v. Benefit Society, 181 Pa. 443.

The judgment is affirmed, reserving to plaintiff the right to move the trial court to reinstate the mandamus proceedings unless defendants shall within thirty days allow his pension, beginning February 18, 1927. Costs of the appeal to be paid out of the pension fund.