## Smith v. Board of School Directors of Southern Fulton School District

*L. R. Smith*, p.p.
*John McDowell Sharpe, Jr.*, for defendant.

MacPhail, P. J., August 3, 1967. — L. R. Smith, plaintiff herein, is a taxpayer in Southern Fulton

School District, Fulton County, Pa. The nature of the suit is a mandamus action to compel the board of school directors to cancel occupation taxes levied by the said school board against plaintiff for five school tax years. The prayer of the complaint is that this court enter a judgment against defendant "commanding defendant to perform . . . as follows: cancellation of all of said tax for all of said years".

Defendant filed preliminary objections in the nature of a demurrer and a motion for a more specific pleading. In view of our disposition of the demurrer, it will be unnecessary for us to consider the merits of the motion for a more specific pleading.

Plaintiff's complaint identifies plaintiff and states that his occupation is that of a saw mill operator; that the defendant school district was without power or jurisdiction to levy any tax on plaintiff's occupation of saw mill operator under the provisions of the Act of June 25, 1947, P. L. 1145, 53 PS §6851 et seq.; that plaintiff is without any other adequate remedy at law; and that "the defendant is required to perform and has refused to perform act or duty (sic) as follows: cancellation of said tax for all of said years". From these allegations we must determine whether or not plaintiff has stated a cause of action which will permit the judgment requested.

A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom. Judgment should be entered in clear cases only. The question to be decided is whether the complaint shows with certainty that the law will not permit a recovery by plaintiff: Goodrich-Amram, Vol. 1, "Actions at Law—Assumpsit", pages 93, 94.

Plaintiff's brief (plaintiff waived oral argument and requested that the matter be disposed of on brief) argues that (1) the tax levied by the school district is

unconstitutional, and (2) plaintiff is exempt from the tax even if it is constitutional. Plaintiff then says that since either the tax is unconstitutional or plaintiff is exempt, the tax is uncollectible as to plaintiff, and defendant has a duty to cancel the tax. Plaintiff cites as his authority for these propositions 55 C. J. S. §182(b), and 34 Am. Jur. 985 §216. The most that these authorities say is that *if* there is an illegal assessment or a tax of exempt property, mandamus will lie, *if* the right to exemption is absolute and *if* no other remedy is provided.

Plaintiff says his right to exemption is absolute under the Act of 1947, supra, which states that local authorities shall not have authority to levy, assess and collect a tax on any privilege, act or transaction relating to the business of "Manufacturing, the production, preparation or processing of minerals, timber and natural resources, or farm products, by manufacturers, by producers and by farmers with respect to the goods, articles and products of their own manufacture, production or growth". We must disagree with plaintiff's argument. The exemption which he claims falls into the same category as that of the farmer under the same statutory provisions. The farmer's exemption has been the source of several cases, and we have recently held that the farmer is *not* exempt under the provisions of the Act: Crawford v. Southern Fulton School District, 8 Adams 177 (1967). In the opinion of this court, at least, plaintiff's right to an exemption is far from "absolute".

Whether or not the tax resolution itself is unconstitutional we do not deem necessary to decide at this time. Certainly plaintiff's saying so does not make it so. The proper procedure to attack the constitutionality of the tax resolution is a bill in equity: Brandt v. Conewago Township School District, 34 D. & C. 2d 146 (1964).

"Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy": Boslover Ahavas Achim Belzer Association v. Philadelphia Redevelopment Authority, 425 Pa. 535 (1967); Travis v. Teter, 370 Pa. 326 (1952). Mandamus can never be invoked in a doubtful case: Homan v. Mackey, 295 Pa. 82 (1929). "It (mandamus) is an extraordinary remedy of great antiquity, and is one of the most extraordinary writs known to law, since it takes an official up by the coat lapel and orders him to do what, up to that moment, he has felt he had no right to do and was under no compulsion to do. Obviously, so drastic a remedy may be permitted only when the right to it is clear": 11 Standard Pa. Prac., "Mandamus", §1.

In our opinion, plaintiff has not demonstrated a duty in defendant which it is required to perform. Such duty, if any there is, cannot be predicated upon the allegations set forth in plaintiff's complaint.

We do not deem it necessary to consider the ancillary question of whether or not the school district would have a duty or even the authority to cancel taxes, under the provisions of the public school code under proper circumstances, since no such circumstances are present here. We do note, however, that it would certainly be incumbent upon plaintiff to point to the specific provision of that law which imposes such a duty, since we must bear in mind that it is not the school district which assesses occupations or grants exemptions. See Fourth to Eighth Class County Assessment Act of May 21, 1943, P. L. 571, as amended, 72 PS §5453.101, et seq.

Finally, to proceed in mandamus, plaintiff must have no remedy at law. "Mandamus is a high prerogative writ to be used rather as a last resort than as a common mode of redress. It may not be used to supersede legal

remedies": 11 Standard Pa. Prac., "Mandamus", §9. If plaintiff is compelled to pay his taxes, he may sue for a refund and raise all of the issues he seeks now to raise in this action. If he decides to contend solely that he is exempt from the tax, rather than that the tax itself is unconstitutional or illegal, the proper procedure is an appeal from the decision of the board of assessment and revision of taxes: Pennsylvania Bar Association Endowment v. Robins, 10 D. & C. 2d 637 (1956).

To summarize, we find that plaintiff's complaint fails to set forth a clear duty in defendant to perform the specific act for which judgment is requested. Further, we find that plaintiff does have other appropriate and adequate remedies; hence, mandamus will not lie. We do not believe the complaint can be amended to cure the defects. Accordingly, we enter the following order:

And now, August 3, 1967, defendant's demurrer is sustained and the action is dismissed. An exception is noted for plaintiff.