## Raffel *v.* Pittsburgh, Appellant, et al.

244

Argued October 4, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John R. Bentley,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellants.

*Charles B. Prichard,* for appellee.

OPINION BY MR. JUSTICE DREW, November 25, 1940:
Lysetta Isaacs Raffel, plaintiff, filed a petition in the Court of Common Pleas of Allegheny County for a writ of mandamus directed to the members of the Civil Service Commission and certain other officials of the City of Pittsburgh to compel her reinstatement as a stenographer in the Bureau of Recreation, Department of Public Works, of that municipality. An alternative writ was issued commanding, inter alia, that the Civil Service Commission show cause why it should not vacate its findings sustaining the dismissal of plaintiff. Motions to quash having been dismissed, the case proceeded to trial before a judge and jury, and a verdict for plaintiff was directed. From the order discharging motions

for judgment n. o. v. and a new trial, the City of Pittsburgh has taken this appeal.

Plaintiff, a civil service employee in the competitive class, made written application for a leave of absence of two months commencing January 1, 1937. Under Rule V, section 8, of the Civil Service Commission,* the propriety of which plaintiff does not, nor could not properly question, such application had to be approved by the Director of the Department of Public Works. The application was delivered by plaintiff to her immediate superior, the Superintendent of the Bureau of Recreation, who transmitted it, at her request, to the office of the Director, together with a letter recommending that the application be given consideration. On January 1, 1937, without obtaining, or endeavoring to obtain, any word from the Director as to whether or not he had approved her request, plaintiff left her work. On February 16, 1937, the Director, who had not received the application nor the Superintendent's letter of transmittal until a day or so before, sent a letter to plaintiff advising her that her request for a leave of absence had been refused. On February 25, 1937, the Director notified plaintiff by letter that she was suspended for a period of five days upon the charge of "absence from duty without leave", and that unless she presented a satisfactory answer within that period, she would be permanently discharged; and on March 4, 1937, plaintiff, having failed to so answer, was dismissed from the service. Thereupon, plaintiff requested and received a hearing before the Civil Service Commission, at which plaintiff was not only present but also was represented by counsel, and that tribunal sustained the

---

* "A leave of absence shall not be granted to a city employee for a period of longer than six months, except by consent of the Civil Service Commission. Every request for a leave of absence must be approved by the head of the department in which the employee making the request is employed . . ."

action of the Director and rendered its opinion to that effect.

The learned court below fell into manifest error in granting the alternative writ, in dismissing the motions to quash, and in submitting the controversy to a jury, for it is well settled that mandamus will never lie to compel a review of a decision of an administrative body or person invested with discretion, which has already acted in the matter in accordance with law. In this connection, we said, in *Souder v. Philadelphia,* 305 Pa. 1, 8, that " 'Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong.' " See also *Bradycamp v. Metzger,* 310 Pa. 320, 322. Therefore, it is the duty of the court, upon presentation of a petition for a writ of mandamus, such as that in the instant case, to make an independent examination of the record of the hearing before the Civil Service Commission to determine whether or not the Director acted according to law. If there is admissible evidence, the weight of which the court is without authority to consider, to move the deliberative powers of the Commission, without manifestly abusing its discretion, in sustaining or reversing the action of the Director, then the petition should be refused; if not, it should be granted. Had the court below followed this procedure, it would have readily observed that there was such evidence before the Commission to move its deliberative or discretionary powers sustaining the plaintiff's dismissal by the Director of the Department of Public Works, and, therefore, would have dismissed the petition forthwith.

That plaintiff was discharged according to law and for just cause cannot be successfully controverted. The Director acted in compliance with the provisions of the

Act of May 23, 1907, P. L. 206, governing civil service in cities of the second class. Section 20 of this statute provides that no officer or employee in either the competitive or non-competitive class of the classified civil service "shall be removed, discharged, or reduced in pay or position except for just cause, which shall not be religious or political", and further that no such officer or employee shall be removed, discharged or reduced "until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire." Although in her petition for the writ, plaintiff alleged she had been discharged "solely for political reasons", she offered not one word of proof to this effect—not even so much as her own testimony. There is nothing in the record to justify the slightest suspicion of such a thing. "What constitutes ample cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service": *Thomas v. Connell*, 264 Pa. 242, 246. That the protracted absence of plaintiff without first obtaining, as required by the Rules of the Civil Service Commission, the permission of the Director, whose duty it is to see that the work of his department, which includes that of the Bureau of Recreation, is performed in a proper manner, is just cause for her dismissal is perfectly obvious. Such action on the part of employees is something which, if not prevented, would tend to demoralize the public service, and eventually lead to general inefficiency and disloyalty among the employees of the municipality.

The order is reversed and set aside, and the writ of mandamus quashed, at the cost of appellee.