McCrory, Appellant, *v.* Philadelphia et al.

Argued May 12, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Benj. R. Simons,* with him *M. Herbert Syme,* of *Syme & Simons,* for appellant.

*James Francis Ryan,* Assistant City Solicitor, with him *Ernest Lowengrund,* Acting City Solicitor, for appellee.

OPINION BY MR. JUSTICE PARKER, June 29, 1942:

Appellant, Charles McCrory, who had been a hoseman for thirty years in the Bureau of Fire of the Department of Public Safety in the city of Philadelphia, was charged with political activity in that he wore a political badge or banner and solicited votes on November 4 and November 7, 1938, contrary to the City Charter Act of June 25, 1919, P. L. 581, Art. XIX, §23 (53 PS §3343).

A hearing was had before the Civil Service Commission, testimony was taken and transcribed, and plaintiff was ordered dismissed from the position of hoseman. On his petition a further hearing was held, testimony was retaken and transcribed, and the commission filed an opinion, holding that plaintiff was guilty of the charge and confirming its prior order of dismissal. Plaintiff then petitioned the court below for an alternative writ of mandamus to show cause why he should not be restored to the status of a hoseman. After hearing before the court the writ was quashed.

"It is the duty of the court, upon presentation of a petition for a writ of mandamus, such as that in the instant case, to make an independent examination of the record of the hearing before the Civil Service Commission to determine whether or not the Director acted according to law. If there is admissible evidence, the weight of which the court is without authority to consider, to move the deliberative powers of the Commission, without manifestly abusing its discretion, in sustaining or reversing the action of the Director, then the petition should be refused; if not, it should be granted": *Raffel v. Pittsburgh*, 340 Pa. 243, 246, 16 A.2d 392. The questions presented are whether the proceedings were according to law and whether the court below abused its legal discretion.

The City Charter Act, by Article XIX, §23, provides, inter alia, that no employee of any city of the first class shall "take any active part in political management or in political campaigns, or use his office to influence political movements". Section 18 of the same article of the charter (53 PS §3338) provides, in part, as follows: "No police officer or fireman, except those dismissed during probationary period, shall be removed or discharged, except for cause, upon written charges, and, after an opportunity to be heard in his own defense. Such charges may be filed by any superior officer or by any citizen or taxpayer, and shall, within thirty days after filing, be heard,

investigated, and determined by the commission or by one of the commissioners or by some person or board appointed by the commission to hear, investigate, and determine the same."

McCrory received written notice of the hearing and a copy of the charges filed, but he complains that the charges were not sufficiently specific. The statute requires that written charges be filed but that does not mean that a fireman or policeman is entitled to know in advance the evidence that will be produced in substantiation of the charges. Those that were filed were sufficient for he was fully advised as to the nature of the complaint and the time when his conduct was questioned. He was more fully informed than was required for at the rehearing at which the witnesses were recalled to testify and to submit to cross-examination, he had the benefit of the testimony which they had given at the first hearing. He was present at the second hearing with his counsel and had his own witnesses present to refute the testimony given against him. In fact he was granted an adjournment that he might produce additional testimony, which he did. There cannot be the slightest doubt that he was advised as to what he would be required to meet. This being so, his complaint as to the form of the charge is without merit.

Finally, appellant complains that the testimony produced against him before the commission was not sufficient, as a matter of law, to show that he was guilty of illegal political activity, and that the commission abused its legal discretion in removing him from his position. We deem the evidence sufficient to support the finding that his conduct was a violation of the statute proscribing certain political activities. The testimony which the commission accepted as true showed that on November 4 and November 7, 1938, on the eve of an important election, McCrory went to a district where he had some acquaintance but at some distance from his home, in uniform, and there displayed on his person a large badge

four inches in diameter with a picture of President Roosevelt attached, and a so-called banner on which were the words, "Vote straight Democratic". He approached various persons, acquaintances and strangers, and urged them to vote Democratic at the impending election. When he was advised that his conduct might get him in trouble he "said he had been detailed to that division for election day and he would be down there." The fair inference to be drawn from this conversation is that he was then taking and intended to take an active part in the pending campaign. He was in a fireman's uniform at the time and the commission may have concluded that he was using his position "to influence political movements".

The act is intended to prevent political activity or taking an active part in a campaign or in the management of a campaign by employees of the municipality. "It relates to personal activity, and does not in any way conflict with the constitutional provision in relation to 'the free communication of thoughts and opinions', or the right of the citizen to 'freely speak, write and print on any subject' ": *Duffy v. Cooke,* 239 Pa. 427, 441, 86 A. 1076. The activities of McCrory amounted to more than a mere expression of opinion which is the privilege of even an employee of a city of the first class; it formed the basis for a fair inference that he was actively participating in political management and a political campaign. We find no abuse of discretion.

It is well settled that mandamus will never lie to compel the review of a decision of an administrative body invested with discretion which has acted in the matter in accordance with law: *Souder v. Philadelphia,* 305 Pa. 1, 156 A. 245; *Raffel v. Pittsburgh,* supra.

The order of the court below is affirmed at the costs of the appellant.