Wagner, Appellant, *v.* Pittsburgh et al.

Argued September 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

648

*Charles A. Waldschmidt,* for appellant.

*Louis Rosenberg,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE PATTERSON, October 30, 1945 :

Richard Wagner, appellant, instituted this proceeding in mandamus against the City of Pittsburgh and officials of the said city, to compel his reinstatement as a building inspector, alleging that his discharge was in violation of the civil service laws and regulations of said city. After preliminary proceedings, which are immaterial here, the case was tried before a jury which returned a verdict for appellant. This appeal is from the decree of the court en banc entering judgment non obstante veredicto for appellees.

Wagner was appointed building inspector by the City of Pittsburgh, January 1, 1923. On December 29, 1942, council of the City of Pittsburgh enacted an annual salary ordinance which necessitated elimination of several hundred employees from the city personnel. The number of building inspectors was reduced from 11 to 8. The director of public safety, George E. A. Fairley, dismissed three inspectors, one of which was appellant. The evidence adduced clearly established that appellant was not discharged for political or religious reasons. He was a competent inspector and had never had any disagreement with his superiors. He had the longest service record in his immediate bureau although not in the entire department. Wagner appealed to the Civil Service

Board of the City of Pittsburgh which sustained the action of the director. A petition for alternative mandamus, alleging an illegal and wrongful dismissal, was filed in the Court of Common Pleas and a writ was issued July 14, 1943. Subsequent thereto, a rule to show cause why the writ should not be quashed was dismissed. Appellees filed an answer and return January 13, 1944, and, on January 28, a rule for judgment on the pleadings was made. That rule having been discharged, the action proceeded to trial before a jury which returned a verdict for appellant. The court en banc granted appellees' motion for judgment non obstante veredicto. This appeal followed.

Mandamus is a proper action to enforce performance of a ministerial duty but will not issue to compel a person or administrative body vested with deliberative or discretionary powers to reverse action taken, if such action is supported by testimony: *Gretton v. Pittsburgh,* 344 Pa. 219; *Raffel v. Pittsburgh,* 340 Pa. 243. "If there is admissible evidence, the weight of which the court is without authority to consider, to move the deliberative powers of the Commission, without manifestly abusing its discretion, in sustaining or reversing the action of the Director, then the petition should be refused; if not, it should be granted": *Raffel v. Pittsburgh,* supra, 246. The court cannot substitute its judgment for that of the civil service commission or the director in whom the discretionary power is vested: *Souder v. Philadelphia,* 305 Pa. 1.

Appellant contends that the discharge was arbitrary and capricious and in violation of Civil Service Rule 10, Section 4, which provides: "In making discharges or reductions or in granting leaves of absences in any office, bureau or department except positions within the meaning of an Act of Assembly, approved 27 June, 1939 (P. L. 1207), the heads of departments shall first discharge, reduce, or furlough the employee or employees, if any, who are eligible to retirement under any pension system

then in effect. If there be no such employee or employees, or if the number thereof be insufficient to meet the emergency, the heads of departments shall consider the capability, the efficiency, and the length and quality of service of all other employees in the same grade, class and employment, and shall discharge, reduce, or furlough, in ascending order of merit, those who are least meritorious."

Admittedly, the discharge was not the result of religious belief, and the evidence is positive that the discharge was not for political reasons. Appellant contends that, since there was no cause for discharge other than the reduction of the number of employees, the director was bound to retain those with the greatest years of service and dismiss those having the least number of years of service.

The director testified that he had considered the respective merits of all the men and concluded that under the circumstances appellant should be discharged. There is nothing in the record showing that appellant was less qualified than others. The director did, however, consider service and ability. Determination of the merits in this regard was a matter resting within the sound discretion of the director. It cannot be said that the director, in discharging Wagner, and the Civil Service Commission, in sustaining the action of the director, acted arbitrarily, with discrimination, and without regard to the criteria provided by the rules and regulations. There is ample evidence to support their respective actions. The civil service rule above cited is not a mandatory requirement that discharge shall be made according to seniority. To the contrary, all factors therein set forth must be considered and, after the exercise of sound judgment, the director shall then discharge those employees whom he deems least meritorious under *all* the circumstances. Seniority is but one of the criteria to serve as a guide in effecting the exercise of that judgment.

Judgment appealed from is affirmed. Cost to be paid by appellant.