Crede, Appellant, *v.* Pittsburgh et al.

Argued September 30, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Clair D. Moss*, for appellant.

*Louis Rosenberg,* assistant city solicitor, with him *Anne X. Alpern,* city solicitor, and *John R. Bentley,* solicitor for city controller, for appellees.

OPINION BY MR. JUSTICE DREW, November 25, 1946:

Henry E. Crede petitioned the Court of Common Pleas of Allegheny County to issue a writ of alternative mandamus directed to the City of Pittsburgh, the members of the Civil Service Commission and certain other officials of the City, to compel his reinstatement as an Assistant Engineer, Division of Surveys and Designs, Bureau of Engineering, Department of Public Works, of that municipality. The court below ordered that such a writ be issued and, a motion to quash having been dismissed, the case proceeded to trial before a judge and jury. By direction of the court, a verdict was returned in favor of defendants and judgment was entered thereon, after plaintiff's motion for a new trial had been refused. Plaintiff now appeals from the direction to find for defendant and from the refusal of the court to grant a new trial.

Appellant, a civil service employee in the competitive class, was the senior of three Assistant Engineers in the Division of Surveys and Designs. Two of these three positions were eliminated by City Council in its economy salary ordinance for the year 1943 whereby approximately eighty-five positions in the Department of Public Works were eliminated, together with many more in other departments. By letter dated December 31, 1942, the Director of the Department of Public Works notified appellant of the elimination of the two positions and informed him that his services would terminate at the close of that day. This dismissal was sustained by the Civil Service Commission.

Appellant here contends: (1) that the Director of the Department of Public Works did not exercise discretion in determining which Assistant Engineers in the Division of Surveys and Designs should be discharged, as required by Rule X of the Civil Service Commission;[1] (2) that no reason was given for dismissing appellant, as required by the Act of May 23, 1907, P. L. 206, §20;[2]

---

[1] Rule X, section 2, paragraph (D), subparagraph (4): "In making discharge . . . in any office, bureau or department, except positions within the meaning of an Act of Assembly, approved 27 June, 1939 (P. L. 1207) the heads of departments shall first discharge . . the employee or employees, if any, who are eligible to retirement under any pension system then in effect. If there be no such employee or employees, or if the number thereof be insufficient to meet the emergency, the heads of departments shall consider the capability, the efficiency, and the length and quality of service of all other employees in the same grade, class, and employment, and shall discharge . . . in ascending order of merit, those who are least meritorious . . ."

[2] Act of May 23, 1907, P. L. 206 §20: "No . . . employee, in the competitive class . . . of the classified civil service . . . shall be . . . discharged . . . except for just cause which shall not be religious or political. Further, no . . . employe shall be . . . discharged . . ., except as provided in section eight of this act, until he shall have been furnished with a written statement of the reasons for such action, . . ."

(3) that the Civil Service Commission erred in placing upon appellant the burden of proving that he had been improperly dismissed; (4) that the Court of Common Pleas erred in refusing to hear the case de novo; and (5) that *Wagner, Appellant v. Pittsburgh et al.,* 352 Pa. 647, 44 A. 2d 261, does not control the instant case, because the Director of the Department of Public Works did not exercise discretion in making the dismissal.

Considering first appellant's fourth contention, that the lower court erred in refusing to hear the case de novo, we find no error. The general rule of law governing this point is that ". . . it is the duty of the court, upon presentation of a petition for a writ of mandamus, . . . to make an independent examination of the record of the hearing before the Civil Service Commission to determine whether or not the Director acted according to law. If there is admissible evidence, the weight of which the court is without authority to consider, to move the deliberative powers of the Commission, without manifestly abusing its discretion, in sustaining or reversing the action of the Director, then the petition should be refused; if not, it should be granted.": *Raffel v. Pittsburgh, Appellant, et al.,* 340 Pa. 243, 246, 16 A. 2d 392, 393. In the instant case, however, before this rule could be applied, it was necessary to determine whether there were any irregularies in the record of the hearing before the Civil Service Commission, appellant having alleged; (1) that deletions had been made from the record of that hearing; (2) that he had not been given a fair opportunity to be heard before the Commission. The lower court ordered that the writ of alternative mandamus be issued before an independent examination was made of the record, therefore, in order to determine whether there were any irregularities, as alleged, and, at the trial, appellant was limited to proof of these matters. It appeared that there had been no deletion of the record of the hearing and that appellant had not been denied the right to call any and all witnesses in his be-

half before the Commission, the Commission merely having refused to issue subpœnas in blank to appellant. After examining the record of the hearing and the record of the trial, the former having been made part of the latter, the trial judge was of the opinion that appellant had had a full and fair hearing and that the testimony before the Commission fully warranted the findings and conclusions of that body. There being no question of fact to be determined by the jury, the court directed the jury to find a verdict for appellees, defendants below. Appellant was thus afforded his full rights as set forth in the *Raffel* case, supra. The trial judge would have erred, if he had heard the case de novo: "While a writ of mandamus may compel action where the right is clear, it cannot be treated as an appeal or writ of error to review the discretionary acts of subordinate tribunals": *Homan, Appellant, v. Mackey et al.*, 295 Pa. 82, 86, 144 A. 897, 898. Our own study of the entire record affirms the conclusions of the court below that there were no deletions made from the record of the hearing before the Commission and that appellant did have a full and fair hearing before that body.

Appellant's second and third contentions, that no reason was given for his dismissal and that he was required to prove that his dismissal was not according to law, will be considered together. In his letter of December 31, 1942, the Director of the Department of Public Works notified appellant that two of the three positions of Assistant Engineer in the Division of Surveys and Designs had been eliminated by the Salary Ordinance for the year 1943. When appellant demanded a more definite reason for his dismissal, the Director replied that he had been guided in making the two dismissals by the provisions of Rule X of the Civil Service Commission. By so doing, the Director complied with the provisions of the Act of May 23, 1907, P. L. 206, §20. The phrase "reasons for such action" must be read

in connection with the phrase "just cause" in the preceding sentence of the section. In the instant case, the elimination of two of the positions of Assistant Engineer by City Council for economy reasons was "just cause" for the discharge of two employees: *Essinger v. New Castle, Appellant,* 275 Pa. 408, 411, 119, A. 479, 480. There was, therefore, nothing more for the Director to establish. And since "just cause" had been established as a matter of law, the Civil Service Commission properly required appellant to bear the burden of proof that his dismissal was not according to law in some other respect.

As to appellant's first and fifth contentions, that the Director of the Department of Public Works did not exercise his discretion as required by Rule X of the Civil Service Commission and that, therefore, *Wagner, Appellant, v. Pittsburgh et al.,* supra, does not control the instant case, we find no merit in them. Admittedly the Director knew nothing about the three Assistant Engineers in the Division of Surveys and Designs before it was time to discharge two of them. There were approximately two thousand five hundred employees in his department. Before the Commission the Director testified, however, that he consulted with the Chief Assistant Engineer of the department concerning the capability, the efficiency, and the quality and length of service, of each of these three employees and that, after carefully considering the information thus obtained, he had arrived at his own personal, honest opinion as to which men to dismiss. The Assistant Chief Engineer testified that he had knowledge of the requirements for the year 1943 and of the men employed in the Division of Surveys and Designs, and that he had imparted this knowledge to the Director at the latter's request. Such testimony was admissible and was sufficient to move the deliberative powers of the Commission, without it manifestly abusing its discretion. The court below and this

Court on appeal are without authority, therefore, to consider the weight of the testimony given at the hearing before the Commission, even though, in fact, the decision of the Commission may have been wrong: *Souder v. Philadelphia et al., Appellants,* 305 Pa. 1, 8, 156 A. 245, 247.

The basic facts in *Wagner, Appellant, v. Pittsburgh et al.,* supra, are exactly similar to those in the instant case. The same Salary Ordinance as here involved reduced the number of Building Inspectors in the Department of Public Safety from eleven to eight. The Director of that department dismissed Wagner, the senior Building Inspector. After reviewing the *Raffel* and *Souder* cases, supra, Mr. Justice PATTERSON, speaking for the Court, said at p. 650: "The director testified that he had considered the respective merits of all the men and concluded that under the circumstances appellant should be discharged. There is nothing in the record showing that appellant was less qualified than others. The director did, however, consider service and ability. Determination of the merits in this regard was a matter resting within the sound discretion of the director. It cannot be said that the director, in discharging Wagner, and the Civil Service Commission, in sustaining the action of the director, acted arbitrarily, with discrimination, and without regard to the criteria provided by the rules and regulations. There is ample evidence to support their respective actions. The civil service rule above cited [Rule X] is not a mandatory requirement that discharge shall be made according to seniority. To the contrary, all factors therein set forth must be considered and, after the exercise of sound judgment, the director shall then discharge those employees whom he deems least meritorious under *all* the circumstances. Seniority is but one of the criteria to serve as a guide in effecting the exercise of that judgment."

Judgment affirmed.