## McMeekin v. Pennsylvania Board of Parole

*Ralph B. Umsted*, Deputy Attorney General, for Commonwealth.

HARGEST, P. J., March 10, 1947.—On or about January 16, 1947, we received, by mail, a petition for a writ of alternative mandamus in this case, and have held it under consideration to determine whether, pursuant to the cases of Raffel v. Pittsburgh et al., 340 Pa. 243, Gretton v. Pittsburgh et al., 344 Pa. 219; McCrory v. Philadelphia et al., 345 Pa. 154; Crede v. Pittsburgh et al., 355 Pa. 369, we should first have before us the record of the Board of Parole, and by what method that record could be required to be filed with us.

Upon due consideration, however, we have concluded that the petition for a writ of alternative mandamus does not present a case for the issuance of a writ.

The petition avers that defendant was sentenced by the Court of Allegheny County June 17, 1937, from 10 to 20 years for robbery in two cases, to run concurrently, and that on February 1, 1946, the Governor, upon recommendation of the Board of Pardons, commuted petitioner's minimum term to eight years and eight months, expiring February 17, 1946. Subsequently an application for parole was filed with the Pennsylvania Board of Parole, and at a meeting held on

or after February 8, 1946, the Pennsylvania Board of Parole refused the petitioner's application, assigned its reasons, and gave notice of its action to the Board of Pardons, "as required by the Parole Act (as amended in 1943)." Petitioner avers that following the action of the Parole Board, the Board of Pardons withdrew its recommendation to the Governor, and that the Pennsylvania Board of Parole, at a meeting on November 27, 1946, reviewed petitioner's application, and thereafter informed him that it would take no further action, because the Board of Pardons assumes the position that the computation is void.

All that a petition in mandamus can do is to secure consideration of the matter in controversy, to require the board to exercise its discretion. In the instant case the Board of Parole has considered the matter and acted on two separate occasions.

Section 21 of the Parole Act of August 6, 1941, P. L. 861, as amended by the Act of May 27, 1943, P. L. 767, 61 PS §331.21, to which the petition refers, provides, in part, that the Board of Parole is authorized to release a prisoner.

". . . whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. If at the time a person is paroled he has been imprisoned for a period in excess of the minimum term of imprisonment to which he shall have been sentenced, the period of parole may be extended by the board up to, but not beyond, the maximum term imposed. . . . That if the Board of Parole refuse to parole the prisoner at the expiration of any minimum term fixed by the Pardon Board, it shall, within ten days after the date when the minimum term expired, transmit to the Pardon Board a written statement of the reasons for refusal to parole the prisoner at the expiration of the minimum term fixed by the Pardon Board. Thereafter, the Pardon Board may

either accept the action of the Board of Parole, or order the immediate release of the prisoner on parole, under the supervision of the Board of Parole."

It appears from the petition itself that all of the provisions of this statute have been complied with.

We have no power, in the absence of some illegal or unconstitutional act on the part of the Board of Parole, to direct specific action. Our power, under the Mandamus Act, is to direct the Board of Parole to consider a case, but not to tell the board what its conclusion should be. And in the instant case the board has twice considered this application.

For these reasons we think the petition does not present adequate reasons for the issuance of the writ.

Now, March 10, 1947, the petition of John E. Mc-Meekin for a writ of alternative mandamus directed to the Pennsylvania Board of Parole is hereby refused.