Whisted, Appellant, *v.* Philadelphia.

Argued April 25, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William J. O'Brien,* for appellants.

*Richard H. Markowitz,* Assistant City Solicitor, with him *James L. Stern,* Deputy City Solicitor, *David Berger,* City Solicitor, and *Murray L. Schwartz,* First Deputy City Solicitor, for appellees.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1956:
This is an appeal from the final decree of the Court of Common Pleas No. 1 of Philadelphia County dismissing plaintiffs' complaint in equity.

Plaintiffs, with the exception of Dennis S. Welsh who is President of Local 30, Government and Civic Employees Organizing Committee, C.I.O., are employes of the City of Philadelphia in the Department of Licenses and Inspections. Reference to plaintiffs collectively hereinafter excludes plaintiff Welsh. Prior to January 1, 1953 plaintiffs were classified as Housing and Sanitation Inspectors in the civil service of the City of Philadelphia with inspection duties in housing and sanitation only. On January 1, 1953, the classification of plaintiffs was changed to Field Inspectors II by the Personnel Department of the City of Philadelphia pursuant to Section 7-401(a) of the Home Rule Charter. The definition of the position of Field Inspector II, as set forth in the Position Classification Plan of the City of Philadelphia, provides that an employe in this class is responsible ". . . for a specific type of field inspection . . .". During 1953, in accordance with Section 5-1002(c) of the Charter, the Department of Licenses and Inspections consolidated the inspectional functions in the housing, sanitation and fire fields so that inspections in all fields could be performed by a single inspector rather than by one inspector for each field. Prior to this consolidation of inspectional functions, plaintiffs had never made in-

spections of violations of the Fire Prevention Code and had never filed reports on fire hazards in housing accommodations or in commercial or industrial buildings but after the consolidation plaintiffs were given new duties and responsibilities relating to inspections for violations of the Fire Prevention Code in addition to the investigation of sanitary conditions and the maintenance of legal housing standards. Subsequent to the consolidation of inspectional functions, plaintiffs, by plaintiff Dennis S. Welsh, wrote to the Chief of the Re-Classification Division of the Personnel Department of the City of Philadelphia on behalf of the employes involved, appealing for an amendment to the classification and pay plans in regard to the position of Field Inspector II, on the ground of ". . . the increased duties and additional knowledge required to perform the functions of the position through the consolidation of the three services, namely, Sanitation, Fire Prevention and Housing.". Plaintiffs then filed a formal application with the Personnel Department to increase their pay scale on the ground ". . . that Housing Inspectors and Fire Inspectors, who previously had been doing inspections only in their individual fields have been combined and consolidated, so that one man now carries out the inspectional functions of both divisions.". The Personnel Department first recommended a denial of plaintiffs' appeal, but after an investigation of plaintiffs' positions to determine the exact nature of their job duties, the Personnel Department recommended to the Civil Service Commission that a new classification of Housing and Fire Inspector at a higher pay range be established to reflect the increased variety and responsibility of plaintiffs' work. The new classification of Housing and Fire Inspector was accordingly established by the Civil Service Commission.

Section 7-401(e) of the Charter provides that job vacancies shall be filled by promotion whenever possible and promotion shall be on a competitive basis except where the Personnel Director with the approval of the Civil Service Commission finds that competition is impracticable. Regulation 13.01 of the Philadelphia Civil Service Regulations provides: "Promotion. Unless vacancies shall be filled by demotion, transfer, reinstatement, or by certification from preferred or layoff eligible lists, they shall be filled so far as practicable by the promotion of employees in the service. The Director shall, in each case, after consultation with departmental representatives of the various departments concerned, determine whether or not an open competitive examination shall be held or whether a promotional examination shall be conducted among the eligible employees of the department or departments in which vacancies exist. . . .". Pursuant to the above provisions, plaintiffs were notified that they would be required to take a promotional examination to qualify for the position of Housing and Fire Inspector. Plaintiffs then brought this action in equity to enjoin defendants from requiring them to take the examination, and to compel defendants to grant them permanent status as Housing and Fire Inspectors without competitive examinations. The lower court, after hearing testimony, dismissed plaintiffs' bill of complaint from which final decree plaintiffs appeal. Appellants maintain that the duties of a Field Inspector II are the same as the duties of a Housing and Fire Inspector and that the Civil Service Commission cannot, by merely changing the name of the position, lawfully require plaintiffs to take a competitive examination in order to retain their status.

The decree of the court below is affirmed on the following excerpt from the Adjudication of President

Judge KUN: "This case requires little discussion. Under Article VII of the Home Rule Charter, the responsibility for the civil service system of the City of Philadelphia is vested in the Personnel Department and the Civil Service Commission, which is charged with the duty of preparing and administering the position classification plan of all positions in the civil service. This is a broad administrative duty which includes the determination of whether the existing classification of duties of City employees are appropriate, and whether higher classes should be created to reflect the increased duties and responsibilities of any group of City employees. The law is clear that unless it is shown that the action of the administrative officers of the City in this regard is arbitrary or capricious, the Court has no authority to interfere, although it may not agree entirely with the judgment of the administrative officers. Crede v. Pittsburgh, 355 Pa. 369; Wagner v. Pittsburgh, 352 Pa. 647; Raffel v. Pittsburgh, 340 Pa. 243; Souder v. Philadelphia, 305 Pa. 1 . . . The record shows that the duties and responsibilities attached to the jobs in question were sufficiently different to justify the existence of two separate classifications, and it is clear that the job of Housing and Fire Inspector is the more complex of the two. A Field Inspector II is responsible for 'a specific type of field inspection', either in sanitation, fire prevention or in housing, whereas a Housing and Fire Inspector carries out all inspections at the same time. Performance of the duties of the latter requires additional knowledge and experience. It is true that in 1953 some Field Inspectors II were trained to make, and did make, some multiple inspections of buildings. However, the designation to a job not made in accordance with the requirements of the law does not constitute an appointment to that job for the purpose of acquiring civil service

status. Detoro v. Pittston, 351 Pa. 178; Healey v. Jones, 152 Pa. Superior Ct. 18. That plaintiffs themselves recognized that the new classification provided for a somewhat different and more comprehensive kind of inspection is shown by their own request, . . . for a change in their classification and pay on the ground that 'increased duties and additional knowledge' were required to perform the work. This is exactly the case. The new classification does involve new duties and additional knowledge, but whether plaintiffs have the additional knowledge and capability to qualify them for the new classification and higher pay they must, under the law, demonstrate by competitive examination. Their contention that their prior status of Field Inspector II automatically entitles them to the higher status of Housing and Fire Inspector, with higher pay, cannot be sustained.".

Although we have resolved this case in favor of the appellees, in view of the fact that the question raised is one of first impression on a construction of the City Charter, we will place the costs upon the City.

Decree affirmed, costs to be paid by the City of Philadelphia.