Jefferson C. McCook, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Bureau of Employment Security of the Commonwealth of Pennsylvania, Department of Labor & Industry, Appellees.

Argued September 11, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Stephen R. Krone,* for appellant.

*Herbert W. Hoffman,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 26, 1974:

Jefferson C. McCook has appealed from an adjudication and final order of the State Civil Service Commission upholding his dismissal from employment by the Department of Labor and Industry.

Mr. McCook was engaged as a Human Services Aide II, regular status, in the Department's Bureau of Employment Security. He was discharged by competent authority for refusing to comply with the working hours established by his employer.

The appellant does not deny he left work early on numerous occasions. He contends, however, that he was justifiably dissatisfied with the duties assigned him and that his refusal to comply with regulations

concerning hours of employment was a form of protest. He reasons that since his dissatisfaction with his work was reasonable, his dismissal was not for "just cause" as provided in Section 807 of the Civil Service Act, Act of August 5, 1941, P. L. 752, *as amended*, 71 P.S. §741.807.[1] We disagree.

The appellant was suspended on one occasion for three days for refusing to comply with the work schedule. The suspension note stated that the appellant's work day was to be 8:30 a.m. to 5:00 p.m. and warned him that further violations might result in further disciplinary action. At the hearing below, the appellant's superior officer testified that nevertheless the appellant continued to quit work at around 4 o'clock in the afternoon. The appellant was further admonished and, when asked whether he intended to comply, the appellant replied in the negative, stating simply that he disliked such regulations.

The evidence reveals numerous attempts to satisfy Mr. McCook's complaints. He was permitted to meet with many officials of the Bureau, from its Executive Director down.

We find the Commission's action to be in accordance with the law and constitutional principles and its findings to be fully supported by the evidence. *Kaplan v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A. 2d 683 (1974).

---

[1] The appellant also contends that the Commission erred by refusing his offer of evidence concerning his grievances. We find no merit in this argument. While the Commission sought to limit the evidence to the subject of the appellant's alleged violations of his employer's work standards, his complaints were nevertheless amply described at the hearing by the employer's witnesses. Neither they, nor any of the matters described in his counsel's statements at the hearing, provide justification for the appellant's refusal to remain at work during working hours.

### ORDER

AND NOW, this 26th day of September, 1974, the order of the State Civil Service Commission is affirmed and the appeal herein dismissed.