Juan D. Gonzales, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*James M. Greenfield*, with him *Dale, Woodard, Montgomery & White*, for petitioner.

*James S. Marshall*, Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 7, 1979:

Juan D. Gonzales has appealed from an order of the State Civil Service Commission (Commission) sustaining Gonzales's removal from the classified service for cause-insubordination. We affirm.

Gonzales was employed as a Mental Retardation Aide I at Polk Center. A Polk Center resident lodged a complaint that Gonzales had harassed and threatened him to induce him not to testify against another

Polk Center employee on another matter. The supervisor of the Center in the course of investigating this complaint called Gonzales to his office and asked Gonzales if he had harassed or threatened the resident. Gonzales refused to discuss the matter until Richard Lawson, president of Gonzales's union local, could be present. The supervisor agreed to this request but it was learned that Lawson would not be available until one to two hours later. The supervisor then suggested that Gonzales be represented by another union representative at the Center. Gonzales refused to accept this substitute, offering instead to have two fellow employees with whom he was friendly attend the meeting. Since neither of these two employees were union representatives, the supervisor refused to permit their attendance. Gonzales then refused to attend the meeting either alone or with the union officer. The supervisor then ordered Gonzales to leave the Center's grounds. Gonzales refused to leave and it was necessary to call the State Police who escorted Gonzales from the Center.

Gonzales was thereupon removed from his position on the grounds of harassing and threatening a resident of the Center, of insubordination in failing to furnish a written report regarding the alleged harassment and threatening of the resident, and insubordination for failure to leave the Center when ordered to do so by his supervisor. Gonzales appealed his discharge to the Commission, which affirmed his removal, concluding that Gonzales's "refus[al] to leave the premises after being told to do so by his supervisor and the security guards is defiant and insubordinate behavior" constituting just cause for his removal.

Gonzales was a permanent status civil service employee and was subject to removal from his employment only for just cause. Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, §807, *as*

*amended,* 71 P.S. §741.807. Our duty is to examine the record to see if the Commission's conclusion that just cause existed for Gonzales's discharge is "in accordance with the law and constitutional principles and . . . fully supported by the evidence." *McCook v. State Civil Service Commission,* 15 Pa. Commonwealth Ct. 311, 313, 325 A.2d 479, 480 (1974).

While there is no statutory definition of just cause for removal of a civil service employee, we have consistently stated that the cause in order to be just must be related to the employee's performance of the duties of his employment. In *Rizzo v. Civil Service Commission,* 17 Pa. Commonwealth Ct. 474, 479, 333 A.2d 212, 215 (1975), we wrote:

> This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.

*Id., quoting Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971). We have held that failure to follow the instructions of a supervisor is an example of behavior which goes to the merits and is just cause for dismissal. *Mettee v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 82, 293 A.2d 147 (1972). An employer is entitled to expect that the employees will cooperate and that they will obey his reasonable instructions.

Gonzales admitted before the Commission that he refused to leave Polk Center when instructed to do so by his supervisor. His only excuse for not leaving is that he believed that the supervisor lacked the authority to order him off the grounds. Both the supervisor and the Superintendent of Polk Center testified that

the former in fact had the power to order Gonzales to leave. Moreover, Gonzales testified that the union instructed its members to obey all orders (except those involving risk of personal injury), and after obeying to file grievances as to those with which they disagreed. There was sufficient evidence supporting the Commission's conclusion that Gonzales's conduct was insubordinate and that his removal was for just cause.

While it is not essential that we discuss other questions, we note Gonzales's argument that Polk Center violated its own procedural guidelines relating to the removal of employees. It is without merit. The guidelines in question, promulgated less than two weeks before Gonzales's removal, expressly provide that they "may be modified to permit immediate suspension or discharge action in specific circumstances." Polk Center Administrative Policy (Personnel) NR. 27 (October 28, 1977).

### ORDER

AND Now, this 7th day of December, 1979, the order of the State Civil Service Commission sustaining the actions of the Superintendent of Polk Center in removing Juan D. Gonzales from his position at Polk Center as Mental Retardation Aide I, regular status, is affirmed.