City of Erie et al., Appellants *v.* Richard Kelley et al., Appellees.

Argued March 15, 1984, before Judges MACPHAIL, BARRY and BLATT, sitting as a panel of three.

340

*Carl M. Carlotti,* Deputy City Solicitor, for appellants.

*Stuart W. Davidson,* with him, *Jonathan Walters, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellees.

OPINION BY JUDGE MACPHAIL, May 10, 1984:

The City of Erie (City) has appealed from an order of the Court of Common Pleas of Erie County which disapproved the demotions of six officers in the Erie Fire Department (Department). We reverse.

The reason for the demotions here at issue can be briefly summarized. In response to a May 26, 1981 court order requiring that firefighting rigs in the City be manned by no fewer than four firefighters, the Chief of the Department determined that it was necessary to close one truck company and distribute its crew among the remaining eleven companies. No firemen were discharged as a result of the reorganization. Once the closing of the truck company was implemented, however, the Chief realized that the Department was overstaffed with officers since the same number of officers existed to serve eleven companies as had previously existed for the full complement of twelve companies. The net result was that there were 2 officers of equal rank on each rig. According to the Chief, such a situation "ruins the structure of the

Fire Department'' because "there can be only one person in charge.'' The Chief, accordingly, demoted six officers[1] effective July 25, 1981. Those officers appealed their demotions to the Civil Service Commission (Commission) which, following a hearing, upheld the demotions as being supported by "just cause''. On appeal, the court of common pleas reversed concluding that the demotions were not permitted by applicable statutory law.

The City cites the following statutory provision in support of the demotions:

> No member of any fire department . . . subject to civil service within the terms of this act, shall be suspended for a period in excess of three days or removed, discharged, or reduced in rank or pay except for just cause, which shall not be religious or political . . . .

Section 10 of the Act of May 31, 1933 (Act), P.L. 1108, *as amended*, 53 P.S. §39870. The crucial issue in this case revolves around the proper interpretation of the term "just cause''. The officers and the court of common pleas interpret "just cause'' to require a connection between the reason for the demotion and the conduct of the employee. Under this interpretation demotions may only be effected for proper *disciplinary* reasons. Since it is conceded that the demoted officers here were guilty of no misconduct, the officers contend that they were improperly demoted. The City and the Commission, however, would interpret "just cause'' more broadly to allow a demotion where a position has become unnecessary due to a structural reorganization made in good faith.

---

[1] Officers Kelley, Miller and Savelli were demoted in rank from the position of Captain to Lieutenant, while Lieutenants Jaskiewicz and Gieger were demoted to the position of Driver and Lieutenant Hahn was demoted to the position of Firefighter.

It is evident from a review of the case law that the term "just cause" has most commonly been interpreted to relate to disciplinary action based on job-related criteria which in some logical and rational manner touch upon ability and competency. *See, e.g., O'Gorman Appeal,* 409 Pa. 571, 187 A.2d 581 (1963); *Gonzales v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 588, 408 A.2d 893 (1979); *Konick Appeal,* 34 Pa. Commonwealth Ct. 502, 383 A.2d 1002 (1978); *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971). It would appear, then, that "just cause" generally connotes a cause which is related to the employee's performance of his work duties

The City, however, points to Section 11 of the Act, 53 P.S. §39871, which permits the reduction of the number of paid members of a fire department "for reasons of economy, or other reasons." The City contends that if an unneeded position can be eliminated under Section 11 through discharge, then it follows that the less severe act of demotion can also be effected when a position becomes unnecessary. The City also relies on the case of *Crede v. Pittsburgh,* 355 Pa. 369, 49 A.2d 700 (1946) wherein our Supreme Court held, under language virtually identical to Section 10 of the Act, that the discharge of civil service employees for reasons of economy constituted "just cause" for the terminations. Thus, the Supreme Court extended the definition of "just cause" to include a reason unrelated to an employee's personal conduct on the job. *See also Gaul v. Philadelphia,* 384 Pa. 494, 121 A.2d 103 (1956).

While the Act clearly does permit reductions in the total number of paid firemen under certain circumstances, the issue which is before this Court is whether the *demotion* of a civil service employee may be ac-

complished when there is evidence that the position which that employee holds in the fire department is no longer needed due to *a structural reorganization*. We note that the court of common pleas determined that the demotions here were not effected for reasons of economy[2] and that the total number of firemen in the department has apparently remained constant. We also observe that the reorganization was necessitated by the May 26, 1981 court order so that there was no question as to any improper motives surrounding the reorganization. We emphasize that the abolition of civil service positions is only valid when accomplished in good faith. *Borough of Canonsburg v. Flood*, 36 Pa. Commonwealth Ct. 81, 387 A.2d 951 (1978).

Based on our interpretation of the Act, we conclude that the demotions were proper under the circumstances of this case. Although the reorganization did not necessitate a reduction of the total number of firemen in the Department, it did result in a surplus of officers in the Department. The Chief testified that this surplus, in turn, necessitated a reduction of the total number of officers in the Department. Since Section 11 of the Act clearly allows the elimination in good faith of unnecessary positions in a fire department, we can see no logical distinction between the elimination of a position which results in the discharge of an employee and the elimination of a position which results only in the demotion of that employee. As our Supreme Court noted in 1923, civil service statutes " 'are not intended to affect or control the power of the city council, or the executive officers of the city, to abolish offices when they are no longer neces-

---

[2] The City disputes the conclusion of the court of common pleas that the demotions were not instituted for reasons of economy.

344

sary . . .' ". *Essinger v. New Castle*, 275 Pa. 408, 411, 119 A. 479, 480 (1923) (quoting 2 Dillon Municipal Corp. (5th Ed. 805)).

We, accordingly, conclude that the six demotions in the instant case were supported by "just cause" and that the order of the court of common pleas must be reversed.

ORDER

The order of the Court of Common Pleas of Erie County, dated February 24, 1983, is hereby reversed.