Slessinger *v.* Fairley (et al., Appellant).

Averbach *v.* Fairley (et al., Appellant).

Argued October 4, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

274

*John R. Bentley,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellant.

*Charles B. Prichard,* for appellees.

OPINION BY MR. JUSTICE DREW, November 25, 1940:

Plaintiffs, civil service employees in the competitive class under the Act of May 23, 1907, P. L. 206, were dismissed by the Director of the Department of Public Safety of the City of Pittsburgh from their positions as patrolmen in the Bureau of Police of that city, upon the recommendation of the trial court of the Bureau of Police, duly approved by the Mayor, under the provisions of the Act of 1907, supra, and the Act of March 7, 1901, P. L. 20, as reënacted and amended by the Act of June 15, 1937, P. L. 1761. On appeal to the Civil Service Commission, the dismissals were sustained and plaintiffs then sought redress in the Court of Common Pleas. Writs of alternative mandamus to compel reinstatement with back salary were issued by the learned court below and, motions to quash having been overruled, returns to the writs were filed. After plaintiffs' demurrers to said returns had been sustained, judgments were entered in their favor and these appeals followed.

The pertinent facts of these cases are as follows: one Michael Murphy appeared before the District Attorney of Allegheny County and in a sworn statement accused plaintiffs of having accepted money in payment for protection of a business of "number writing", a form of lottery contrary to the statutes of Pennsylvania. The statement was detailed as to places and times money

was paid for such protection and as to the percentage of the profits paid to plaintiffs. When this statement came to the attention of plaintiffs' superior officers, they immediately suspended plaintiffs and charged them with conduct unbecoming officers and with accepting bribes. Thereafter, at the hearing before the trial court of the Bureau of Police, the evidence to substantiate the charges consisted of parts of Murphy's statement read by a county detective, attached to the District Attorney's office. On appeal the Civil Service Commission took under consideration the record of the proceedings before the trial court and also heard additional evidence over plaintiffs' objections, Murphy appearing and testifying at great length as to the details of his relations with plaintiffs. Subsequently, in the mandamus proceedings, the court below held that, since plaintiffs were adjudged guilty by the trial court of the charges solely on the basis of hearsay testimony, they were not afforded a fair trial and that this defect could not be remedied by the Civil Service Commission hearing additional evidence, that body being authorized only to determine whether the decision of the trial court was based upon substantial evidence and was made according to law.

The question as to whether plaintiffs were afforded a fair hearing before the trial court turns entirely on the fact that its decision was based on hearsay evidence. While it is not disputed that such evidence was admissible *(Bradycamp v. Metzger,* 310 Pa. 320, 322), the learned court below took the position that it was not sufficient to establish just cause for plaintiffs' dismissals. In this the court fell into error, since it had no authority in a mandamus proceeding to weigh admissible testimony and hold that the administrative body was not warranted in arriving at its decision: *Raffel v. City of Pittsburgh et al.,* 340 Pa. 243. The petitions for the issuance of writs of alternative mandamus should have been dismissed, therefore; having been issued, the motions to quash should have been granted.

There remains the question of the scope of the authority of the Civil Service Commission in reviewing the decision of the trial court on appeal, under the Act of 1937, supra.[1] In order to determine this issue, it is first necessary to refer to Article III, section 1, of the Act of 1901, supra, which provides that "No policeman . . . appointed under this act shall be dismissed without his written consent, except by the decision of a court either of trial or inquiry. . . ." By this provision a trial court became the body to determine the innocence or guilt of a policeman against whom charges were preferred and, since no appeal from such decision was provided, it was final. Such procedure was adopted without change by the Act of 1907, supra,[2] the act under which plaintiffs were appointed: *Doverspike v. Magee,* 51 Pa. Superior Ct. 525, 529. Although the Act of May 25, 1933, P. L. 1048, repealed such provision of the Act of 1901, it was reënacted by the Act of 1937 and amended to provide for an appeal to the Civil Service Commission. Thus, a review of the trial court's decision was provided for in the form of an appeal, but nowhere is there any intimation that the Civil Service Commission should have authority to hear additional testimony. Rather, when an appeal is taken, as here, it is the duty of the Commission to make an independent examination of the record of the proceedings before the trial court in order to determine whether the decision of that body is sustained by substantial testimony and whether the proceedings were held according to law. If the decision is sustained by such testimony and was made according to law, it is binding on the Commission: cf. *Lowrie's*

---

[1] Section 1 provides: "The right of appeal of the decision of the trial board shall be made within five days to the civil service board."

[2] Section 20 provides: "Nothing in this act shall alter the procedure required for the removal . . . of policemen . . ., as provided in the act of March seventh, one thousand nine hundred and one, relating to the government of cities of the second class."

*Appeal,* 338 Pa. 203, 205. If the Commission does not so review the record when an appeal is taken to it, a writ of mandamus to compel it to do so may be issued, since such is a ministerial duty. In the instant case, however, plaintiffs prayed for no such writ.

Judgments reversed, and here entered for defendants; the writs of peremptory mandamus are dismissed; costs to be paid by plaintiffs.