## Berkowitz, Appellant, *v.* Wilbar.

Argued November 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

OPINION BY MR. JUSTICE ROBERTS, January 5, 1965:

On May 12, 1964, Stanton A. Berkowitz filed a complaint in equity against the Secretary of Health of the Commonwealth of Pennsylvania seeking a preliminary injunction to restrain the Secretary from dismissing plaintiff from his position as "Institutional Business Manager II" at the Henry R. Landis State Hospital. After consideration of the allegations of the complaint and oral argument, the Commonwealth Court denied the preliminary injunction and plaintiff appeals.

Pursuant to §212 of the State Civil Service Act of 1941, as amended,[1] the State Department of Health arranged with the State Civil Service Commission for it to administer the Department of Health's civil serv-

---

[1] Act of August 5, 1941, P. L. 752, §212; Act of May 21, 1943, P. L. 516, §1, 71 P.S. §741.212.

ice system. The position of Institutional Business Manager II was established as one within the classified civil service. On January 9, 1958, appellant was awarded permanent merit system status in that position.

The Civil Service Act was amended in 1963,[2] and by letter of November 1, 1963, appellant received notice from the Director of Personnel of the Department of Health that his position had been placed in the "unclassified service" as of August 27, 1963. The given basis for the change was Section 1(c)(1)[3] of the amendatory act which provides: "(c) 'Unclassified service' includes all positions now existing or hereafter created in departments and agencies included in clause (d) (Classifed service) of this section, which are held by: (1) Heads of departments of the Commonwealth and the deputy heads thereof and bureau and division chiefs and all other supervisory personnel whose duties include participation in policy decisions."

Upon receipt of this notice, appellant appealed the ruling to the Civil Service Commission and requested a hearing. On November 27, the Commission replied that the determination as to what positions fell into the unclassified service rested with the Governor, the Budget Secretary and the Executive Board of the Commonwealth. The Commission denied it had any jurisdiction and refused a hearing.

On February 5, 1964, appellant received official written notice from the Commission that his position was placed in the unclassified service, effective August 27, 1963. Then, by letter of April 24, 1964, appellant was advised that his employment as Institu-

---

[2] Act of August 27, 1963, P. L. 1257, No. 520, §§1-30, 71 P.S. §741.3 et seq. (Supp. 1963). August 27, 1963, is expressly made the effective date of the Act. §31.

[3] 71 P.S. §741.3(c)(1) (Supp. 1963).

tional Business Manager II was to terminate as of the close of business, May 12, 1964. No reason for the termination notice was given, but appellant was reminded that he was in the unclassified service.[4]

On May 1, 1964, appellant appealed to the Commission. On the same day the Commission replied, referring to the letter of November 27, and reiterating that appellant had no right to a hearing. The letter added, however, that appellant's request would be brought to the attention of the Commission at its next regular meeting. At this juncture, appellant began this action in equity.[5]

The court below found it unnecessary at this stage of the proceedings to pass upon any of the substantial questions raised in the complaint. Its decision was based on its belief that appellant's right to an injunc-

[4] Section 21 of the amendatory act specifically provides that "No regular employe in the classified service shall be removed except for just cause." 71 P.S. §741.807 (Supp. 1963).

[5] The complaint filed by appellant urged several reasons for restraining the appellee from relieving him of his position. First, appellant contended that, as a matter of fact, he is not a supervisory employee whose duties include participation in policy decisions, even assuming that the amendatory act properly places him in the unclassified service. In the alternative he made the second contention that, assuming his work involves participation in policy decisions, he still is a member of the classified service by virtue of the saving provision of Section 30 of the amendatory act, 71 P.S. note, p. 31 (Supp. 1963). Section 30 reads: "Nothing contained in this amendatory act shall be construed to remove from the classified service any position which was in the classified service in the service of the Commonwealth immediately prior to the effective date of this amendatory act."

Thirdly, appellant further contended that the Act, as amended, is unconstitutionally vague because no standards are provided for defining "policy decisions", and that the Act constitutes an unlawful delegation of legislative authority to the executive branch of government. Finally, appellant urged that the Act, as applied to him, results in an unconstitutionally deprivation of his rights to tenure and appeal.

tion was not clear, his damage not irreparable, that there was doubt whether all the proper parties were named, and that the importance of not interfering with the work of the Department of Health outweighed any benefit to be derived by the issuance of the injunction.

On appeal from a decree which refuses a preliminary injunction, we ascertain only whether there were any apparently reasonable grounds for the action of the court below. If such grounds exist, the decree will be affirmed unless the record presents palpable legal error. E.g., *City Line Open Hearth, Inc. v. Hotel, Motel & Club Employees' Union*, 413 Pa. 420, 436, 197 A. 2d 614, 624 (1964); *Lindenfelser v. Lindenfelser*, 385 Pa. 342, 123 A. 2d 626 (1956).

In view of the well defined principles of law applicable to actions such as this, we are satisfied that the appellant failed to establish his right to a preliminary injunction. Most recently, we held in *Schwab v. Pottstown Borough*, 407 Pa. 531, 180 A. 2d 921 (1962), that a preliminary injunction will not be issued unless all of the following elements are established: (1) the existence of a clear right to relief; (2) an urgent necessity to avoid injury which cannot be adequately redressed in damages; and (3) a showing that greater injury will occur if the injunction is refused than if it is granted.

At least one of these essential elements is missing in this case. If, in the proper tribunal, appellant prevails on the merits of his claim, the appointing authority would be required to reinstate him with payment of so much of his lost salary or wages as the Commission, in its discretion, may order. §27.[6] Appellant replies that this is inadequate protection because payment is discretionary with the Commission. We must,

---

[6] 71 P.S. §741.951(a) (Supp. 1963).

at present, assume that the Commission will not abuse its discretion or act in an arbitrary fashion.

Appellant urges that more than financial hardship is at stake, even assuming he could recoup his monetary losses. His brief argues that his work is specialized and that re-employment in this narrow field is not so easily accomplished. He pleads that he will have to start again at his beginnings, and he contends that his loss of work deprives him of the resources to fight. the alleged injustice which has been done to him. These are not matters of record before us, and even if a hearing had been held to prove these specific items of hardship, at best they are speculative considerations which cannot form the basis for issuing the extraordinary relief sought.

We are not unaware of the fact that the Civil Service Commission, not a party to the instant proceedings, in refusing appellant a hearing, begged some of the very questions which appellant raises. That is, in refusing a hearing because appellant was not in the classified service, the Commission assumed the very conclusion which appellant sought to disprove. Accordingly, appellant's remedy is by way of an action in mandamus to establish, if he can, his right to a hearing and reinstatement. See *Volunteer Firemen's Relief Ass'n v. Minehart,* 415 Pa. 305, 203 A. 2d 476 (1964); *Pittsburgh City Fire Fighters Local No. 1 v. Barr,* 408 Pa. 325, 184 A. 2d 588 (1962); *Travis v. Teter,* 370 Pa. 326, 330-31, 87 A. 2d 177, 179 (1952); *Slessinger v. Fairley,* 340 Pa. 273, 16 A. 2d 710 (1940); *Raffel v. Pittsburgh,* 340 Pa. 243, 16 A. 2d 392 (1940). We note from the opinion of the court below that, in fact, appellant began such a mandamus action against the Commission on July 13, 1964.

Since we believe that the *Schwab* requirement of urgent necessity has not been shown, we find it unnecessary to decide whether appellant's rights are

clear and whether greater harm will be done in granting the injunction than in refusing it.

The decree of the court below is affirmed. Each party to pay own costs.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

The road blocks that the Governor, the Budget Secretary and the Executive Board of the Commonwealth have placed before appellant's effort to obtain a judicial evaluation of their acts in removing appellant from the classified service of the Commonwealth should merit the grant of equitable relief. To me it seems most oppressive that appellant should be denied the statutory relief provided by the Civil Service Act to question the determination that his employment was in the unclassified service and to question his summary removal on instructions received from the Governor's personal secretary.

The Civil Service Act of 1963 was passed to strengthen and extend civil service employment in the Commonwealth, and the legislature did not contemplate that the Act would be perverted to provide an instrumentality for the destruction of the civil service status of employees who were classified before the passage of the Act. The Civil Service Commission, on two occasions, refused to permit appellant to be heard on the theory that he was no longer protected by the Civil Service Act. We have recently held that mandamus will lie to compel action by an official where his refusal to act in the requested manner stems from his erroneous interpretation of the law, *Volunteer Firemen's Relief Asso. v. Minehart*, 415 Pa. 305, 203 A. 2d 476 (1964). Hence, because an action at law is readily available to appellant I reluctantly concur.

Mr. Justice EAGEN joins in this concurring opinion.