Wilbar, Appellant, *v.* Berkowitz.

Argued November 28, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert E. Woodside,* Special Counsel, with him *Edward Friedman,* Attorney General, for Secretary of Health, appellant.

*Edward N. Barol,* for appellee.

*Lewis H. Van Dusen, Jr.,* with him *Jeanne Ward Ryan,* and *Drinker, Biddle & Reath,* for Pennsylvania State Civil Service Commission, appellee.

OPINION BY MR. JUSTICE COHEN, January 6, 1967:
This is an appeal by the Secretary of Health from an order of the State Civil Service Commission overruling the action of the Department of Health and directing appellant to reinstate Stanton A. Berkowitz with back pay to the position of Institutional Business Manager II. The facts and procedure in this case are fully set forth in our opinion in *Berkowitz v. Wilbar,* 416 Pa. 369, 206 A. 2d 280 (1965). For the purposes of this opinion, it is sufficient to note that Berkowitz, who held the position of Business Manager II at a state tuberculosis hospital, was informed by letter that his position had been placed in the unclassified service. By a subsequent letter he was dismissed from the Department of Health without a hearing. Berkowitz began a suit in mandamus to compel the Civil Service Commission to grant a hearing. The Commonwealth Court issued an order toward that end. The commission, after hearing, ordered that Berkowitz be reinstated with back pay.

The question before the Civil Service Commission was whether or not the position of Institutional Business Manager II could properly be classified by the Executive Board and the Governor as "unclassified

service" under the Civil Service Law, Act of August 5, 1941, P. L. 752, §3(d), as amended, August 27, 1963, P. L. 1257, §1(c)(1), 71 P.S. §741.3(c)(1) (Supp. 1965), which provides that unclassified service includes "Heads of departments of the Commonwealth and the deputy heads thereof and bureau and division chiefs and all other supervisory personnel whose duties include participation in policy decisions." The Executive Board claimed that Berkowitz' position required him to make policy decisions, meaning that he was a member of the unclassified service and not entitled to the protection of the Civil Service Law. After hearing extensive testimony, the commission found that Berkowitz' duties did not include participation in policy decisions.

We noted in *O'Peil v. State Civil Service Commission*, 424 Pa. 151, 225 A. 2d 546 (1967), decided today, that this Court's review of decisions of the Civil Service Commission is on narrow certiorari and is limited to a determination of whether the commission had jurisdiction to hear the matter; whether its proceedings were regular; whether the commission exceeded its authority; and whether a constitutional violation occurred. Despite this limited scope of review, appellant's brief does not touch upon that question, but is restricted to an argument on the merits of the case. Of course, we may not consider the merits, for that is solely the function of the commission. We are unable to discern, upon a review of this matter any evidence of lack of jurisdiction, irregularity or constitutional violations. Further, we are satisfied, especially in light of the testimony of Dr. Wilbar, the Secretary of Health, that supervisory personnel in state tuberculosis institutions implement rather than participate in the establishment of policy, and in view of the fact that the proceedings below were held pursuant to an order of the Commonwealth Court, that the commission did not

exceed its authority either in determining that Berkowitz did not participate in policy decisions or in ordering his reinstatement.

Order affirmed.

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:
I concur in the result.