## Van Dusen, Jr. v. State Civil Service Commission

*Harry J. Rubin, of Krekstein & Rubin,* for appellant.
*Fred Speaker, Attorney General, and Edgar R. Casper, Deputy Atorney General,* for Commonwealth.

## OPINION

KREIDER, P. J., July 21, 1971.—This is an appeal from the order of the Board of Finance and Revenue granting the petition for review filed by the then Attorney General of Pennsylvania (hereinafter called the Attorney General) and vacating an award of $1,798.55 made to appellant, Lewis H. Van Dusen, Jr., Esq. by the Board of Claims[1] for $48.55 expenses and $1,750 for legal services rendered the State Civil Service Commission. The commission agreed the claim was proper and should be paid. The Attorney General,

---

[1] Consisting of the Auditor General, Grace M. Sloan, and the State Treasurer, Thomas Z. Minehart.

however, filed an answer to the claim and objected to its payment.

## QUESTIONS INVOLVED

Counsel for appellant and the Attorney General filed a stipulation of facts and agreement to try the case without a jury. It was stipulated that:

"19. The sole issue for determination by the Court in this proceeding is whether or not the Commission had the right to retain Appellant as counsel for it in the Berkowitz[2] case and to approve the payment of a fee for his services therein without requesting the approval of the Attorney General either for the hiring of Appellant or for the paying of such fee. . . ."

## FACTS

The factual background of this extended controversy appears in the following paragraphs of the stipulation of facts:

"2. Prior to March 31, 1966, certain proceedings were had before the State Civil Service Commission of the Commonwealth of Pennsylvania (hereinafter called Commission) in connection with the dismissal by the then Secretary of Health of the Commonwealth of Pennsylvania, of an employee of the Department of Health, one Stanton A. Berkowitz. These proceedings involved objection to the inclusion of his position with the Commonwealth in the 'unclassified service' as that term is used in the Pennsylvania Civil Service Act and to his subsequent susceptibility to dismissal from service without civil service protection. Following a protracted dispute, the Commission ruled that Mr. Berkowitz' position was in the 'classified service' and ordered him reinstated with back pay. In the

---

[2] Wilbar v. Berkowitz et al., 424 Pa. 154 (1967).

proceedings before the Commission, the Secretary of Health (hereinafter called the appointing authority) was represented by the then Attorney General of Pennsylvania (hereinafter called Attorney General).

"3. Following the ruling of the Commission described in the preceding paragraph, the Attorney General, on behalf of the Secretary of Health, the Appointing Authority, filed a petition with the Supreme Court of Pennsylvania requesting permission to appeal from said ruling. This petition set forth the Secretary of Health as Petitioner and Stanton A. Berkowitz and the Commission as Respondents.

"4. On or about March 31, 1966, Appellant was requested by the Commission to represent the Commission before the Supreme Court of Pennsylvania in the proceedings referred to in paragraphs 2 and 3 hereof. Appellant agreed to do so; and the Commission, without consultation with or the approval of the Attorney General, purporting to act pursuant to the provisions of Section 204 of the Act of August 5, 1941, P. L. 752, 71 PS §741.204, appointed Appellant as special counsel for the Commission in the said proceedings.

"5. Appellant immediately undertook to perform the requested service and prepared and filed an Answer to the aforementioned petition. A copy of the petition and answer are respectively marked Exhibits A-1 and A-2, attached hereto and made a part hereof. Following the granting of the petition by the Supreme Court of Pennsylvania, Appellant conferred with the Commission and prepared a petition to advance the argument of the appeal. A copy of this petition, marked Exhibit B, is attached hereto and made a part hereof.

"6. Meanwhile, at the request of the Commission, Appellant prepared and submitted to the Commission an interim bill for his services and expenses. This bill,

dated June 16, 1966, covered the period from the inception of Appellant's services through June 15, 1966, and was in the total amount of $1,798.55, consisting of $1,750.00 for services and $48.55 for expenses incurred. The Commission requested this interim bill so that it could include the same in its budgeted expenditures for the fiscal year ending June 30, 1966. A copy of this bill, marked Exhibit C, is attached hereto and made a part hereof.

"7. The Commission approved Appellant's bill of June 16, 1966, for payment and submitted it to the office of the Budget Secretary in the normal manner. Prior thereto, the Commission had submitted to the Budget Secretary the standard request for approval of fees for professional services rendered to the Commission for the fiscal year July 1, 1965 to June 30, 1966; and with the Budget Secretary's approval, the total sum of $2,500.00 has been encumbered for this purpose. When Appellant's bill of June 16, 1966 was received by the Budget Secretary, he forwarded it to the Attorney General for approval.

"8. The Attorney General disapproved this bill. He did so for the reason that the Commission had not obtained his approval either for the hiring of Appellant or in the setting of Appellant's fee for his legal services to the Commission.

"9. By letter of July 22, 1966 the Attorney General, through Deputy Attorney General, Edgar R. Casper, informed Dr. C. Herschel Jones, Chairman of the State Civil Service Commission, that he was willing to approve the payment of $2,500.00 as a total fee, for all legal services to the Commission with respect to the Berkowitz case, such fees to be paid out of the funds appropriated for the fiscal year 1966-67. A copy of this letter, marked Exhibit D, is attached hereto and made a part hereof."

## DISCUSSION

Section 512 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §192, forbids Commonwealth officials to engage any attorney to represent them in any proceeding without the written approval of the Attorney General.[3]

On the other hand, section 204 of the Pennsylvania Civil Service Act of August 5, 1941, P.L. 752, 71 PS §741.204, provides:

"The Attorney General shall be legal counsel for the commission. Whenever the Attorney General acts for the appointing authority in a particular proceeding, the commission may appoint special counsel. The total compensation paid to all such special counsel for any fiscal year shall not exceed two thousand five hundred dollars."

In this case, the Deputy Attorney General concedes in his brief that section 204 of the Civil Service Act permits the Civil Service Commission to appoint special counsel in a particular proceeding before the commission in which the Attorney General acts for the appointing authority, but contends it may not do so in proceedings where the commission's adjudication is challenged before a court. He argues that

---

[3] "Whenever any department, board, commission, or officer of the State Government, shall require legal advice concerning its conduct or operation, or when any legal difficulty or dispute arises, or litigation is commenced or to be commenced in which any department, board, commission, or officer, is concerned, . . . it shall be the duty of such department, board, commission, or officer, to refer the same to the Department of Justice . . .

"It shall be unlawful for any department, board, commission, or officer, of the Commonwealth, to engage any attorney to represent such department, board, commission, or officer, in any matter or thing relating to the public business of such department, board, commission, or officer, without the approval in writing of the Attorney General": Section 512.

" . . . At the appellate level, the Commission has no need of legal assistance since it no longer has any function to perform. Moreover, even if the Commission could be viewed as having an interest in appeals of its decisions suitable to representation before the Supreme Court, such a function is fulfilled by the appellee, whose duty it is to defend the decision below.

"The parties to a case, both before the Civil Service Commission and the Supreme Court, are the appointing authority and the employee. With regard to the case of Charles L. Wilbar, Jr., Appellant v. Stanton A. Berkowitz and Pennsylvania State Civil Service Commission, 84 Dauph. 148 (1965), both parties were represented by counsel. The Commission itself is not a party in interest within this structure."

It appears, however, that the State Civil Service Commission was named a respondent, together with Stanton A. Berkowitz, in the "Petition for Allowance of Appeal in the Nature of Certiorari under Rule 68½," which was presented to and granted by the Supreme Court of Pennsylvania. This petition, filed on behalf of Dr. Charles L. Wilbar, Secretary of Health, bore the signature of Attorney General Alessandroni and was sworn to by Edward Friedman, Deputy Attorney General. Under these circumstances, it would seem that the commission should be entitled under section 204 of the Civil Service Act to have representation in the proceedings which followed in the Supreme Court: Wilbar v. Berkowitz, supra, 424 Pa. 154 (1967).

It is averred by the Attorney General that section 204 of the Civil Service Act was never designed to apply to a situation in which the commission acted to retain counsel to represent it in an appellate proceeding. He asserts that section 204 could not apply to an appellate proceeding, because, in 1941 when the Civil

Service Act was enacted, appeals from orders of the commission were not contemplated and states:

"There is no evidence that in 1941 the Legislature anticipated the development of limited review by the Pennsylvania Supreme Court through narrow certiorari."

We do not agree. The power of the Supreme Court to review the proceedings of lower tribunals, judicial or administrative, has been a power held by that court from the earliest days of the Commonwealth. See Rimer's Contested Election, Geary's Appeal, 316 Pa. 342, 175 Atl. 544 (1934), for a comprehensive discussion of the Supreme Court's certiorari review powers in situations where no appeal was provided for or in which an appeal was forbidden. There, the Supreme Court, speaking through Mr. Chief Justice Frazer, said, pages 345-46:

"The authority of this court to review the proceedings of inferior tribunals in this Commonwealth by the common law writ of certiorari has been recognized for more than two hundred years. The Act of May 22, 1722, P.L. 131, not only expressly granted to the justices of the Supreme Court the right to issue writs of certiorari and other process, but also authorized them 'to exercise the jurisdictions and powers granted by the act as fully and amply, to all intents and purposes whatsoever, as the Justices of the Court of King's Bench, Common Pleas and Exchequer, at Westminster, or any of them may or can do.' Subsequent enactments do not derogate from these powers but rather confirm and enlarge them . . ."

We must assume that the legislature was cognizant of the fundamental powers of the Supreme Court when it enacted section 204 of the Civil Service Act of 1941.

The Attorney General further contends that even

if the Civil Service Commission were authorized by section 204 to retain counsel on appeal, the compensation of such counsel would have to be fixed by the Attorney General under section 906 of the Administrative Code of April 9, 1929, P.L. 177, 71 PS §296. Appellant readily concedes that section empowers the Attorney General to "(b) From time to time appoint and fix the compensation of special deputy attorneys general, and special attorneys, to represent the Commonwealth, or any department, board, or commission thereof, in special work or in particular cases."

Appellant asserts, however, that with respect to the Civil Service Act "the legislature took upon itself a determination which otherwise the Attorney General would have to make . . . the setting of the fee" in that "it made a precise determination of how much the Commission could pay in these cases by specifying that the amount which could be expended in any one fiscal year not be in excess of $2,500.00."

To adopt the position contended for by the Attorney General would likely sow the seeds of conflict in that he would be required to set the fee for his opposing counsel in a matter before the appellate courts. We do not believe the legislature intended to create such an awkward situation.

Counsel for the Attorney General also contends that Mr. Van Dusen is entitled to *nothing* for his services. In his brief it is stated:

"It is, therefore, the position of the Commonwealth that there was no justification in law or policy for the services performed by the plaintiff. Thus he would not be entitled to any compensation. The sum of $2,500 already paid to plaintiff was in the nature of a quantum meruit award rather than a statutory right. Since this payment was itself a matter of grace,

plaintiff's present claim for additional compensation is entirely without basis."

This is hardly in accord with the letter of Edgar R. Casper, Deputy Attorney General to Dr. Jones, Chairman, State Civil Service Commission, dated July 22, 1966, wherein, it is stated:

"The Attorney General has requested me to inform you that, on the basis of a new budget request, he is willing to approve the payment of $2,500 as a total fee, for all legal services to the Commission with respect to the above case. Such fees to be paid out of the funds appropriated for the fiscal year 1966-67."[4]

We are of the opinion that in enacting section 204 the legislature intended that the Civil Service Commission, having been given the right to appoint its counsel in the limited circumstances set forth, should also have the power to fix the compensation of its counsel within the limits prescribed by the legislature.

## ORDER

And now, July 21, 1971, the appeal of Lewis H. Van Dusen, Jr., is sustained. The order of the Board of Finance and Revenue is set aside and the award made to appellant by the Board of Claims is reinstated. Payment is directed to be made to the said Lewis H. Van Dusen, Jr., in the sum of $1,798.55.

It appearing that the said sum was inadvertently forwarded to appellant and by agreement of the parties is being held by him pending the disposition of this case, it is directed that he shall retain the same upon entering satisfaction of this judgment upon the docket.

---

[4] Exhibit "D," stipulation of facts.