531 A.2d 1169

Thomas H. Yarmoski, Jr., Petitioner *v.* Honorable Betty Lloyd and Allegheny County Night Court, Respondents.

Argued May 21, 1987, before Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Arnold H. Cantor,* for petitioner.

*Nancy E. Gilberg,* with her, *David R. Weyl,* and *Howland W. Abramson,* for respondents.

OPINION BY JUDGE DOYLE, October 6, 1987:

Before us in our original jurisdiction are preliminary objections to a Petition for Review filed by Thomas H. Yarmoski, Jr. (Petitioner). Petitioner alleges that he is a deputy constable in Allegheny County and seeks from this Court a declaration that constables and deputy constables possess the power of arrest on view without a warrant when acting within the scope and course of their duties, and further seeks an order enjoining the Allegheny County Night Court[1] (Night Court) and District Justice Betty Lloyd (D.J. Lloyd) from refusing to process and arraign prisoners arrested by constables and deputy constables without warrants.

The following factual allegations are pertinent. On or about January 9, 1987 Petitioner attempted to arrest one Joseph Michael Spanbauer for whom he held an ar-

---

[1] It is alleged in the Petition for Review that the Allegheny County Night Court is "a separate unified Magisterial District within Allegheny County, Pennsylvania created and operated to process persons arrested after normal business hours and on weekends and holidays, where appointed Senior District Justices are available for issuance of process and preliminary arraignment of prisoners."

rest warrant issued by District Justice Elverda Dew (D.J. Dew). Upon attempting to effectuate the arrest, Petitioner encountered resistance from one Irene Mellars. Further, Petitioner observed Spanbauer attempting to flee. Accordingly, Petitioner arrested both Mellars and Spanbauer for offenses committed in his view, *i.e.,* escape, hindering apprehension, resisting arrest, and disorderly conduct. Petitioner then took the two individuals to D.J. Lloyd who refused to file a complaint or conduct a preliminary arraignment and who advised Petitioner that constables had no power of arrest without a warrant. Petitioner then transported the two prisoners to D.J. Dew who gave Petitioner a commitment order for the charge against Spanbauer for the offense for which Petitioner held a warrant, but refused to arraign the two prisoners on the other charges because the alleged activities occurred outside of her jurisdiction.

Petitioner, in a further attempt to process charges, held the two individuals in his custody until the Night Court opened at 9:00 a.m. Upon arrival at the Night Court building, Petitioner was informed by the senior district justice that the prisoners could not be arraigned because constables had no power or authority to effect an arrest without a warrant. Petitioner then released Mellars and transported Spanbauer for commitment in accordance with D.J. Dew's order.

Petitioner asserts that pursuant to Section 1 of the Act of June 4, 1897, P.L. 121, 13 P.S. §45 (Act) he is authorized to arrest without warrant if he views the crime. Section 1 reads as follows:

### Arrest of Offenders on View

The policemen and constables of the several boroughs of this commonwealth, in addition to the power already conferred upon them, shall and may, without warrant and upon view, arrest

and commit for hearing any and all persons guilty of a breach of the peace, vagrancy, riotous or disorderly conduct or drunkenness, or may be engaged in the commission of any unlawful act tending to imperil the personal security or endanger the property of the citizens, or violating any ordinances of said borough, for the violation of which a fine or penalty is imposed.

Petitioner thus seeks from this Court[2] a declaration that Section 1 of the Act empowers him to arrest without a warrant upon view and an injunction enjoining the Respondents from dismissing cases where he has effectuated an arrest without a warrant. Additionally, he asserts that the failure to grant this relief will subject him to possible lawsuits for false arrest, false imprisonment and violation of certain prisoner rights.

Respondents have filed a "demurrer" in which they denominate various preliminary objections to the complaint maintaining, *inter alia,* that Petitioner lacks standing, that the case is not ripe for review, and that there is no justiciable controversy.

We shall first consider the question of whether Petitioner has standing to bring this action. In the seminal case of *William Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) our state Supreme Court explained that, in order for one to have standing to challenge a governmental determination, the individual must show a direct and substantial interest in the matter as well as a sufficiently close causal connection between the challenged action and the asserted injury so as to qualify the injury as immediate rather than

---

[2] Original jurisdiction is vested in this Court pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). *See also Collins v. Gessler,* 452 Pa. 471, 307 A.2d 892 (1973) (district justices are officers of statewide jurisdiction and magisterial districts are within the unified judicial system).

remote. A substantial interest is one having substance; it requires a discernible adverse effect to an interest other than the abstract interest of all citizens. *Id.* at 195, 346 A.2d at 282. Here, Petitioner, as a constable, had a substantial interest in seeing that the alleged authority of constables is enforced. A direct interest requires the aggrieved individual to demonstrate causation of the harm to his interest by the matter of which he complains. *Id.* Petitioner here has done so by pleading that the injury to him, *i.e.*, the threat of lawsuits for false arrests is caused by refusal to enforce his warrantless arrests. Therefore, we believe that Petitioner has met the standing requirements of *William Penn Parking* and, accordingly, dismiss the preliminary objection as to standing.[3]

With respect to the preliminary objections pertaining to ripeness and justiciability, we note that it is well settled that declaratory judgments are not to be entered in anticipation of events that may never occur. *See, e.g., Singer v. Sheppard,* 33 Pa. Commonwealth Ct. 276, 381 A.2d 1007 (1978). In the instant case, based upon one isolated incident, Petitioner seeks a declaratory judgment because he *may* be sued for false arrest at some future point. He does not allege that Spanbauer, Mellars, or any other individual has brought such a lawsuit. Petitioner does assert, however, that the problem

---

[3] The cases cited by Respondents, in support of the proposition that Petitioner should be denied standing because his allegations of past harm do not entitle him to enjoin future conduct, all concern factual situations which are far more remote to the complaining party than this one. Further, we note that our state Supreme Court has applied the *William Penn Parking* test to cases where the complaining party sought an injunction and/or a declaratory judgment. *See e.g., Independent State Store Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 432 A.2d 1375 (1981); *Lutz Appellate Printers, Inc. v. Department of Property and Supplies,* 472 Pa. 28, 370 A.2d 1210 (1977).

of which he complains is capable of repetition, yet evading review, and, hence, that he should be entitled to the relief he seeks. The exception for cases which are capable of repetition, yet evading review, applies to the doctrine of mootness, not ripeness. *See e.g., Allen v. Colautti,* 53 Pa. Commonwealth Ct. 392, 417 A.2d 1303 (1980). Even if, however, the *Allen* exception applied, we do not believe that its use would be warranted on these facts. Rather, it is our view that entry of a declaratory judgment based upon such remote speculation is premature and, hence, unwarranted.

As to Petitioner's request for injunctive relief, we believe a similar result is compelled inasmuch as the granting of a preliminary injunction requires, *inter alia,* a showing that the grant of such relief is necessary to prevent immediate and irreparable harm not compensable in damages. *See, e.g., Albee Homes, Inc. v. Caddie Homes, Inc.,* 417 Pa. 177, 207 A.2d 768 (1965); *Pennsylvania Interscholastic Athletic Association, Inc. v. Greater Johnstown School District,* 76 Pa. Commonwealth Ct. 65, 463 A.2d 1198 (1983). Further, speculative considerations may not form the basis for issuance of a preliminary injunction. *Berkowitz v. Wilbar,* 416 Pa. 369, 206 A.2d 280 (1965). We thus conclude that the preliminary objections relating to ripeness and justiciability must be sustained and the petition for review dismissed and shall enter an appropriate order.[4]

## ORDER

Now, October 6, 1987, the following order is hereby entered:

1. Respondents' preliminary objection relating to standing is overruled.

---

[4] Because of our disposition of the preliminary objections relating to ripeness and justiciability, we need not reach the other preliminary objections.

2.   Respondents' preliminary objections relating to ripeness and justiciability are sustained and the petition for review is hereby dismissed.