**In re APPEAL OF Wendy GOMEZ from Decision of the Berks County Housing Authority.**

**Appeal of Wendy GOMEZ, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1996.
Decided Feb. 11, 1997.

Nicole J. Rademan, Reading, for appellant.

Edwin L. Stock, Reading, for appellee.

Before FRIEDMAN and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Wendy Gomez (Gomez) appeals from an order of the Court of Common Pleas of Berks County (trial court), which granted the Berks County Housing Authority's (Authority) preliminary objection and/or motion to dismiss and dismissed Gomez's "appeal" from letters of the Authority stating that Gomez is required to repay $758.25 to the Authority in reimbursement for monies paid to Gomez's landlord for damages found to have been caused by her.

On October 1, 1994, Gomez, who participates in the Section 8 Existing Housing Program[1] operated by the Authority, entered into a one year lease agreement with Joseph Caruso, Jr. (Landlord) for the residence located at 563 Chestnut Street in West Reading, Pennsylvania (residence). On October 3, 1995, one day after Gomez was allegedly illegally locked out of the residence, the Authority conducted a "move-out" inspection of the premises, of which Gomez was not notified. In November of 1995, the Landlord submitted to the Authority a list of alleged damages to the residence totalling $1,080.00. Gomez submitted a written request for a hearing to dispute the alleged damages. An informal hearing was eventually held at the Authority's office on February 21, 1996, although no record of the proceeding was made. On February 22, 1996, the Hearing Officer and the Executive Director of the Authority signed a letter informing Gomez of the result of the hearing, by which the Authority sustained in part the alleged damages in the amount of $918.25. (Br. for Appellant, Ex. "A".) The letter further informed Gomez that she needed to contact the Authority to arrange a payment plan. An additional letter, dated February 23, 1996, was sent to Gomez, informing her that the Authority had paid the damages claim to the Landlord. This letter further stated "[i]f you want to continue to participate on (sic) the Section 8 Certificate Program, you will be required to repay the [Authority] the amount of $758.25...." (R. at Doc. # 7, Ex. "A".) A final letter, dated February 27, 1996, was allegedly sent by the Authority to Gomez, modifying the letter of February 22 by reflecting a credit for Gomez's security deposit and sustaining the Landlord's claim in the amount of $758.25.

Gomez attempted to appeal the Authority's letters by filing a local agency appeal with the trial court pursuant to Section 752 of the Local Agency Law, 2 Pa.C.S. § 752.[2] The trial court subsequently granted the Authority's preliminary objections and/or motion to dismiss and dismissed Gomez's appeal as premature, finding that based on *Yarmoski v. Lloyd,* 110 Pa.Cmwlth. 97, 531 A.2d 1169 (1987), there was no justiciable controversy ripe for adjudication because the Authority had not yet disqualified her from the Section 8 Program, reported her to a credit agency, or filed an action in assumpsit to collect the money.

On appeal to this court,[3] Gomez argues that the trial court erred as a matter of law by dismissing her appeal because: (1) the letters from the Authority constituted an "adjudication" of a local agency from which she, as an aggrieved party, has a right to

---

1. This program uses federal funds through the U.S. Department of Housing and Urban Development to subsidize a portion of a tenant's rent. The tenant contracts directly with a private landlord and the local Housing Authority pays a portion of the rent directly to the landlord, the amount of which depends upon the tenant's income.

2. This section states, in pertinent part, that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42." 2 Pa.C.S. § 752.

3. Our standard of review over an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Lutz v. Springettsbury Twp.,* 667 A.2d 251, 253 n. 3 (Pa.Cmwlth. 1995). A demurrer should only be granted when, under the facts alleged, the law states with certainty that no recovery is possible. The court must accept as true all well-pled allegations and averments of material fact in the complaint as well as any inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *Id.* at 253.

appeal under 2 Pa.C.S. § 752; and (2) Pa. R.C.P. No. 1028(a)[4] does not permit preliminary objections to be filed in response to a local agency appeal because it is not a "pleading" under Pa.R.C.P. No. 1017(a).[5]

With respect to Gomez's first allegation of error, 2 Pa.C.S. § 101 defines an "adjudication," in relevant part, as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." *Id.*

As this court stated in *Wortman v. Philadelphia Commission on Human Relations,* 139 Pa.Cmwlth. 616, 591 A.2d 331, 333 (1991), "[a] letter from an agency may qualify as an adjudication so long as the letter is the agency's final order, decree, decision, determination, or ruling and such decision impacts on a person's personal or property rights, privileges, immunities, duties, liabilities, or obligations." *Id.* Here, the letters from the Authority, which sustained in part the alleged damages to Gomez's previous residence, impacted upon Gomez's personal and property rights by creating a duty or obligation to repay the money to the Authority under the pain of being disqualified from the Section 8 Program. Moreover, as the letters did not indicate any further rights of appeal, they represented the Authority's final decision in this matter. As such, the letters clearly constituted an "adjudication" under 2 Pa.C.S. § 101, from which Gomez has a statutory right of appeal pursuant to 2 Pa.C.S. § 752.

Moreover, the trial court's reliance on *Yarmoski* was misplaced. In *Yarmoski,* a deputy constable brought suit seeking a declaration that constables and deputy constables possess the power to arrest persons without a warrant upon viewing the commission of a crime when acting within the scope and course of their duties. We granted preliminary objections relating to ripeness and justiciability and dismissed the petition for review, reasoning that the constable's allegation that he *may* be sued for false arrest at some future time was insufficient to make the case ripe for review. *Yarmoski,* 531 A.2d at 1171–72. In so ruling, we noted that it is a well-settled rule that declaratory judgments are not to be entered in anticipation of events that may never occur. *Id.* at 1171. Here, unlike *Yarmoski,* Gomez is not seeking a declaratory judgment and the letters from the Authority were sufficient to create a duty or obligation on the part of Gomez to pay for the alleged property damage without any further action by the Authority. As such, the principles of ripeness espoused in *Yarmoski* have no bearing on the matter presently in dispute.

As the trial court's error in dismissing Gomez's appeal requires us to reverse, we need not address Gomez's remaining assertion of error. The order of the trial court granting the Authority's preliminary objection and/or motion to dismiss is hereby reversed, and the case is remanded for a hearing.

## ORDER

Now, February 11, 1997, the order of the Court of Common Pleas of Berks County dated July 17, 1996, at No. 96–3631, is hereby reversed, and the matter is remanded for a hearing.

Jurisdiction relinquished.

---

**4.** This rule states, in relevant part, that "[p]reliminary objections may be filed ... to any *pleading.*" Pa.R.C.P. No. 1028(a) (emphasis added).

**5.** This rule states, in pertinent part, that "the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto." Pa.R.C.P. No. 1017(a).